**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Edith McCurry,<br><br>                        Plaintiff,<br><br>  -against-<br><br>Mars, Kenco Logistics Services, LLC,<br>The Hartford Financial Services Group, Inc.,<br>The Reed Group and Dr. Koehler,<br><br>                        Defendants. | Case No. 19-cv-04067<br><br>Honorable Judge Sharon Johnson Coleman<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT THE REED GROUP'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

       Defendant, The Reed Group ("TRG"), by and through its undersigned attorneys at Gordon Rees Scully Mansukhani, LLP, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support thereof, TRG states as follows:

**INTRODUCTION**

**I.   The Instant Action**

       On July 19, 2019, Plaintiff Edith McCurry ("Plaintiff") commenced this action by filing a pro se Complaint against TRG, Mars, Kenco Logistics Services, LLC ("Kenco"), The Harford Financial Services Group, Inc. ("The Hartford") and Dr. Koehler, arising out of the administration of benefits during her employment with Kenco (the "Complaint" or "instant action"). Dkt 12. Plaintiff's Complaint purports to bring forth claims of harassment, intentional infliction of emotional distress, retaliation, discrimination, breach of fiduciary duty, negligence, negligent

misrepresentation and promissory estoppel, fraud, civil conspiracies, and ERISA violations against all parties collectively. *See* id.

Plaintiff's unnecessarily lengthy Complaint filed in this instant action consists of 152 confusingly-worded pages, including 25 exhibits, 301 paragraphs and 10 undirected causes of action. *See* id. Plaintiff peppers her Complaint with allegations against "Kenco/Mars" and "Kenco/Hartford," however, TRG is only mentioned in *eight* paragraphs of Plaintiff's Complaint. *See* id at ¶¶ 4, 14, 78, 83, 84-85, 87-88. While nearly impossible to discern any cause of action against TRG, the only allegation against it gleaned from the gibberish of those eight paragraphs, is that TRG provided to Kenco and Mars "unauthorized information relative to MCCURRY'S medical condition" which was in violation of her "protected rights and HIPPA [sic]." *See* id at ¶¶ 78, 88.

## II. McCurry's Litigation History against Kenco and Mars

This instant action follows a series of lawsuits filed by Plaintiff, and subsequently dismissed, in the United States District Court for the Central District of Illinois. First, Plaintiff commenced a lawsuit on August 29, 2016, in the Central District of Illinois against Kenco, Mars and other defendants, *Edith McCurry v. Kenco Logistic Services, et. al.*, 16-cv-02273. Following Plaintiff's motion, this action was consolidated with a second lawsuit Plaintiff filed against Kenco and Mars shortly thereafter, *Edith McCurry v. Kenco Logistic Services, et. al.*, 16-cv-02277. ("McCurry I").

On March 23, 2018, in spite of pending litigation in McCurry I, Plaintiff commenced another action in the Central District of Illinois in *Edith McCurry v. Kenco Logistic Services, LLC, et. al.*, 18-cv-02093 against Kenco, Mars and Jay Elliott ("Elliott") arising out of the same set of operative facts. ("McCurry II"). Shortly after its filing, the Court issued its May 22, 2018 order

dismissing McCurry II. (A copy of the Court's May 22, 2018 order in *Edith McCurry v. Kenco Logistic Services, LLC, et. al.*, 18-cv-02093 is attached hereto as Exhibit A.)

In its Order, the Court noted that after reviewing the Complaints filed by Plaintiff in McCurry I and McCurry II, it is clear that, "Plaintiff is simply trying to restart discovery against the same exact Defendants based on the same set of operative facts." *See* Ex. A. at p. 2. The Court further stated that the only difference between McCurry I and McCurry II "is the addition of Jay Elliott as a Defendant." *Id*. The Court ultimately found that McCurry II was "nothing more than an attempt by Plaintiff to restart her litigation against Defendant Kenco and Mars" and ultimately dismissed Plaintiff's Complaint pursuant to 42 U.S.C. § 1915(e)(2)(B)(i) as a "malicious attempt to circumvent a discovery schedule and file an Amended Complaint in McCurry I." *Id*. at p.7

Following discovery and depositions in McCurry I, the Court granted summary judgment in favor of Mars, Kenco, and all other defendants thereby terminating Plaintiff's civil case. (A copy of the Court's August 14, 2018 memorandum in *Edith McCurry v. Kenco Logistic Services, et. al.*, 16-cv-02273 is attached hereto as Exhibit B).

Following the district court's ruling in McCurry I, Plaintiff subsequently appealed the decision before the United States Court of Appeals for the Seventh Circuit in *Edith McCurry v. Kenco Logistics Services, LLC, et. al*., 18-306. On November 7, 2019, the Seventh Circuit affirmed the district court's decision granting summary judgment in favor of defendants. (A copy of the Seventh Circuit's November 7, 2019 opinion in *Edith McCurry v. Kenco Logistics Services, LLC, et. al*., 18- 306 is attached hereto as Exhibit C). In its opinion, the court referred to Plaintiff's appellate brief as "utterly frivolous," a "monstrosity" and a "shameful waste of judicial resources." *See* Ex. C.

Plaintiff brings forth this instant action in an effort to jumpstart litigation that was previously adjudicated, dismissed, and found to be frivolous. Plaintiff's Complaint requires dismissal as it fails to state any cognizable claim against TRG and further fails to even mention TRG more than eight times in a Complaint consisting of over 301 paragraphs. Similar to Defendant Elliott in McCurry II, there is absolutely no reference or identification of any alleged wrongdoing by TRG particularly as it relates to each of the ten counts of Plaintiff's Complaint. Therefore, TRG moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . ." *Twombly*, 550 U.S. at 557. A plaintiff is not required to make "detailed factual allegations," but there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

In reviewing the sufficiency of a complaint, the court should take the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 678), nor should a court "strain to find inferences favorable to

plaintiffs" or accept unreasonable inferences. *Caldwell v. City of Elwood, Ind.,* 959 F.2d 670, 673 (7th Cir. 1992).

## ARGUMENT

I. **Plaintiff's Complaint Should be Dismissed because it Fails to State any Claim against TRG upon which Relief can be Granted**

It is widely established that pro se complaints are held to less stringent standards than formal pleadings as drafted by lawyers. *Haines v. Kerner*, 409 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints are held to less stringent standards than pleadings drafted by lawyers). Still, a claim must be presented with sufficient clarity to prevent a court or opposing party from continually sifting through the pages of the complaint. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

Fed. R. Civ. P. 8(a)(2) requires a pleading contain "a short plain statement of the claim showing that the pleader is entitled to relief." To satisfy the notice pleading requirement of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state a legal claim and "some indication… of time and place." *Thomas v. Ghosh*, 2009 U.S. Dist. LEXIS 30110, *2-3 (N.D. Ill. 2009) (quoting *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004)). Fed. R. Civ. P. 8(d) further requires that each allegation be simple, concise and direct.

Here, Plaintiff's Complaint, in spite of its pro se filing status, fails to set forth any plausible claim against TRG. Plaintiff's Complaint rambles for paragraphs and contains nothing more than a series of unsupported allegations, without reference to any alleged wrongdoing by TRG as it relates to her claims of harassment, intentional infliction of emotional distress, retaliation, discrimination, breach of fiduciary duty, negligence, negligent misrepresentation and promissory estoppel, fraud, civil conspiracies, and ERISA violations. After combing through Plaintiff's Complaint, it seems the sole allegation against TRG consists of an alleged HIPAA violation, which

fails to be adequately pleaded or mentioned in any place other than Paragraphs 14 and 88 of Plaintiff's Complaint. *See* Dkt. 12.

Not only does Plaintiff fail to allege any claim against TRG, she further fails to properly plead or adequately recite the elements of even *one* of her ten claims. This failure is fatal to Plaintiff's Complaint and even her pro se filing status is not enough to save the inadequacies pleaded therein. Just as in Plaintiff's other initiated actions in the Seventh Circuit and in the Central District of Illinois, it is abundantly clear the frivolous nature of the Complaint that has been filed before this Court. Therefore, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against TRG upon which relief can be granted.

### A. Plaintiff's Complaint Fails to Contain a *Short, Plain* Statement of the Claim Showing that She is Entitled to Relief

A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 775-776 (7th Cir. 1994). This Court has routinely dismissed excessively lengthy complaints as a violation of the pleading standard set forth in Fed. R. Civ. P. 8(a). *Richee v. Velasco*, 2002 U.S. Dist. LEXIS 21217, *3 (N.D. Ill. 2002) (dismissing, with leave to amend, plaintiff's 85-page handwritten pro se complaint containing 329 paragraphs for failure comply with Rule 8(a)); *Fernandez v. Supreme Court of Ill.*, 2002 U.S. Dist. LEXIS 8833, *1-3 (N.D. Ill. 2002) (dismissing plaintiff's 81-page complaint without prejudice for failure to comply with Rule 8).

In this case, Plaintiff's 152-page, 301-paragraph Complaint illustrates a clear violation of Fed. R. Civ. P. 8 in its failure to plead a *short* and *plain* statement of the claim showing that Plaintiff is entitled to relief. Not only is Plaintiff's Complaint confusing and rambling, it's format and great length requires TRG to sift through dozens of pages of allegations in an attempt to

speculate on which, if any, claims may be directed towards it. The format of Plaintiff's Complaint leaves drafting any sensible answer nearly impossible. Therefore, Plaintiff's unnecessarily verbose and inadequately pled Complaint requires dismissal for failure to comply with the pleading standard of Fed. R. Civ. P. 8.

> **B. To the Extent Plaintiff Brings Forth Title VII Claims against TRG, she has Failed to Exhaust her Administrative Remedies**

Title VII makes it unlawful for an *employer* to discriminate against an individual with respect to any protected classification. 42 U.S.C. § 2000e-2(a) (emphasis added). Under Title VII, plaintiffs cannot bring claims that that were not previously alleged in an EEOC or state agency charge. *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 902 (N.D. Ill. 2011). This is known as the "exhaustion rule." *Id*. Although in general, failure to exhaust administrative remedies is an affirmative defense, "when a plaintiff pleads facts showing that his claim is barred by that defense, it is appropriate to address it in the context of a motion to dismiss." *Leskovec v. Circuit Works Corp.*, 2009 U.S. Dist. LEXIS 104113, *2 (N.D. Ill. 2008).

Title VII plaintiffs may not bring "claims not included in the EEOC charge unless the claim 'reasonably could be expected to grow out of an EEOC investigation of the charge.'" *Padron v. Wal-Mart Stores, Inc.*, 783 F. Supp. 2d 1042, 1049 (N.D. Ill. 2011). This requirement allows the EEOC and the employer to have an opportunity to settle disputes, and gives the employer some warning of the conduct about which the employee is complaining. *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Here, the Title VII allegations of Plaintiff's Complaint are seemingly aimed at "defendants" generally, without reference to any specific action or violation on the part of TRG to support each claim. To the extent Plaintiff's Title VII allegations are in fact against TRG, they should be dismissed because Plaintiff's EEOC Charge did not name TRG as a respondent or allege

any Title VII violations against it. Plaintiff filed an EEOC Charge against "Kenco Logistics manager for Mars, Inc" on April 17, 2018. *See* Dkt 12., Ex. 2. Specifically, Plaintiff's Charge alleges numerous Title VII violations including race, sex, and disability discrimination, retaliation, and harassment against Kenco, Mars and The Hartford. *Id*. Absent from Plaintiff's Charge is any reference to any act of TRG that could be construed as a Title VII violation. Moreover, there is not one allegation in Plaintiff's Complaint where she alleges that TRG was her employer or in any way acted as such. Thus, any Title VII violation alleged against TRG in Plaintiff's Complaint falls outside the scope of her EEOC Charge and should therefore be dismissed.

### C. Plaintiff's Complaint Improperly Seeks to Bring Forth a HIPAA Violation Claim against TRG

"HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone." *Doe v. Bd. Of Trs. Of the Univ. of Ill.*, 429 F.Supp. 2d 930, 944 (N.D. Ill. 2006). As such, "every court to have considered the issue, however, has concluded that HIPAA does not authorize a private right of action." *Id*. While Plaintiff's Complaint fails to bring forth a formal "Right to Privacy" count, its sole allegation against TRG appears to allege a violation of Plaintiff's HIPAA protected rights in her claim that TRG disclosed information pertaining to her "medical condition" in violation of her "protected rights and HIPPA [sic]." *See* Dkt. 12 at ¶¶ 78, 88. Since a violation of HIPAA protected rights does not bring forth a private right of action, any possible claim against TRG must fail.

### CONCLUSION

WHEREFORE, pursuant to Federal Rule of Civil Procedure 12(b)(6), The Reed Group respectfully requests this Honorable Court enter an order dismissing Plaintiff's Complaint with prejudice and for such other relief as this Court deems necessary and proper. Additionally, The

Reed Group respectfully requests this Honorable Court stay any answer or other responsive pleading in this matter until after this Court has ruled upon the motion.

Dated: January 6, 2020          Respectfully submitted,

                                           **Gordon Rees Scully Mansukhani, LLP**

                                           By: /s/ Jordan L. Matthis

J. Hayes Ryan
Jordan L. Matthis
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
Phone: (312) 619-4933
Fax: (312) 565-6511
hayesryan@grsm.com
jmatthis@grsm.com

**CERTIFICATE OF SERVICE**

I, Jordan L. Matthis, an attorney, hereby certify that on January 6, 2020, I electronically filed a true and complete copy of the foregoing **DEFENDANT THE REED GROUP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system thereby serving all counsel of record. I further certify that a copy was also mailed to:

Edith McCurry
6239 S. 13110 E. Rd.
Pembroke Township, IL 60958

By: /s/ Jordan L. Matthis
Jordan L. Matthis

*One of the Attorneys for
Defendant The Reed Group*