

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

FEB 07 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EDITH MCCURRY

        PLAINTIFF.

VS.

MARS, INC., KENCO LOGISTIC
SERVICES. LLC., HARTFORD LIFE,
THE REED GROUP AND DR. KOEHLER
        DEFENDANTS,

1:19 CV 04067

Judge: Sharon Johnson Coleman

Magistrate Judge: Gabriel A. Fuentes

## PLAINTIFF'S RESPONSE TO DEFENDANT THE REED GROUP'S

## MOTION TO DISMISS

NOW COMES Plaintiff, Edith McCurry, *Pro Se*, in response to Defendants' Motion to Dismiss and for her good cause shown in support of her response Plaintiff states the following; **THAT**:

## BACKGROUND

Plaintiff is a resident of Illinois in Kankakee County. The Reed Group is a resident of Illinois and is licensed to do business in the state of Illinois and has its office in the Northern District of Illinois.

Plaintiff asserts several claims arising from Defendant's scheme to aid and conspire with other Defendants such as Kenco and Mars in violating Plaintiff's civil rights through

discriminatory and retaliatory schemes in violation of Title VII, 42 USC 1981 and 42 USC 1985[1]. These violations led to Plaintiff being denied of monies due and owing her from disability benefits procured through her employment at the Mars Manteno facility.

Defendant the Reed Group raises the affirmative defense that the issues before this court have previously been litigated in *McCurry v Kenco et al...16 cv 2273*. Again Plaintiff rejects this contention that these issues have been litigated and that Defendant Reed Group was in privity to any of the other Defendants, to the best of Plaintiff's knowledge, during the relative times of the claims that had previously been litigated against the other Defendants in this matter.

Furthermore, Plaintiff contends that the Reed Group has failed to support this contention by discharging itself of its burden by satisfying the necessary tenets required to support this theory.

Plaintiff also asserts that this motion to dismiss based upon this theory was made in bad faith. Plaintiff asserts that Defendant the Reed Group is attempting to mislead the court into believing that the issues relative to Plaintiff's disability were previously litigated, when in fact, to the best of Plaintiff's knowledge, Defendant Reed Group did not have a causal connection to any of the Defendants during the relevant times to the issues leading up to the filing of her case or during the litigation of her case before the Central District.

More specifically, to Plaintiff's knowledge it was not until September 26, 2018 that Defendant the Reed Group acted on behalf of Defendant(s) Kenco Mars, when it sought and obtained information form Plaintiff's physician regarding Plaintiff's medical condition without Plaintiff's authorization. Dkt.No[2]..1 pg. 125-126 Plaintiff made inquiries to the Reed Group, but the Reed Group failed to respond. Dkt.No.1 pg. 131-133

---

[1] Plaintiff will seek leave of this Court to file her Amended Complaint to include claims of 42 USC 1985.
[2] "Dkt.No." hereafter will be use to refer to filings on this matter 19-CV-04067

Plaintiff's case *McCurry v Kenco et al...16-CV-2273* had been dismissed in July of 2018 and discovery in that case had been concluded since March of 2018. Clearly, this action was inappropriate and unlawful as Defendants Kenco and Mars[3] had no legal right or basis to this information.

Plaintiff further asserts that this action undermines Defendants Kenco and Mars arguments and defenses brought before the court. Narrowly, it dismantles Defendant Kenco assertion that it was the Hartford who made the decisions relative to Plaintiff's disability, when in fact such conduct evidences that Defendant Kenco on behalf of Kenco Mars had some level of control or influence over Plaintiff's benefits. Defendant Kenco on behalf of Kenco Mars used agents and or proxies such as the Reed Group and the Hartford to further it unlawful schemes against Plaintiff, which violated her civil rights. These unlawful actions affected the terms, conditions, and privileges of Plaintiff's employee benefits that were outlined in her employment contract with Defendants Kenco and Mars.

Plaintiff also asserts that the Reed Group conspired with Defendant Kenco on behalf of Kenco Mars to continue to harass and retaliate against Plaintiff and to supply information to Defendant Kenco that could or would be used to further its schemes of fraud, misrepresentation, and discrimination toward Plaintiff that violated Plaintiff's civil rights. Plaintiff asserts that the Reed Group violated 42 U.S.C. 1981 & 1985, when it aided Defendant Kenco on behalf of Kenco Mars in obtaining unauthorized medical information about Plaintiff.

---

[3] Relative to this action Defendants Kenco and Mars both submitted position statements to the EEOC in May and September of 2018 respectively and did not raise the issue that this matter had or was being adjudicated before a court of competent jurisdiction. Consequently, it is illogical that an agent who was hired by the Defendants and engaged in an unlawful act after the case was dismissed could state that a matter that had yet to occur in time had been adjudicated previously.

Therefore, Plaintiff asserts that claims arising out of a different nucleus of operative facts are actionable against parties who were in privity to an earlier action between the same parties. When analyzing whether a claim is based on the same transaction or occurrence, the courts must be mindful that a claim "arising subsequent to a prior action [is] not barred by res judicata" even if the new claim is "premised on facts representing a continuance of the same 'course of conduct.' This is because, as the Supreme Court has directed:

> That both suits involved 'essentially the same course of wrongful conduct' is not decisive. Such a course of conduct may frequently give rise to more than a single cause of action. While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case. *Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 327–28, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).*

Additionally, Plaintiff asserts that she was not required to plead around potential defenses such as the doctrine res judicata in her original complaint in order to survive a motion to dismiss under Rule 12(b)(6). The Seventh Circuit has explained: "Complaints need not anticipate or attempt to defuse potential defenses. A complaint states a claim on which relief may be granted when it narrates an intelligible grievance that, if proved, shows a legal entitlement to relief." *United States Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003).*

Also, Plaintiff asserts that Fed. R. Civ. P. 8(c) requires a defendant to raise affirmative defenses such as res judicata, in his or her answer. Plaintiff asserts that Defendant raised this affirmative defense without answering the complaint.

**Respondeat Superior**

A Respondeat Superior relationship existed between Defendant Kenco and Defendant The Reed Group. Defendant Kenco and its employees and or agents acted as agents for Mars, Inc. and the acts of Defendant Kenco and its employees and or its agents, such as Defendant The

Reed Group and Defendant The Hartford, were in furtherance of the interest of its employer Mars, Inc.

Consequently, as an agent for Defendant Kenco, who was acting on behalf of Defendant Mars, The Reed Group should subject to the same consequences as its employer for the violation of Plaintiff's civil rights under Title VII, and 42 U.S.C. 1981 & 1985.

**Additionally, Defendants Kenco and Mars submitted position statements to the EEOC**

Title VII cases requires issue exhaustion prior to going to court. "Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." _Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Citing Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002) at 1024 (emphasis in original)._

The classic version of the exhaustion requirement generally necessitates a party to go through all the stages of an administrative adjudication before going to court. Both Defendants Kenco and Mars participated in this process including providing position statements.

This process ensures that the agency action being challenged is the final agency position. It also allows for the resolution of disputes, such as this issue of Res Judicata, before they come to court, thus avoiding potentially unnecessary additions to court dockets.

Defendant Mars provided its position statement in September of 2018 and Defendant Kenco provided their position statement in May of 2018. Defendant The Reed Group on behalf of Keno Mars did not seek to obtain information about Plaintiff until September 26, 2018 after both Defendant Kenco and Mars had submitted their position statements to the EEOC.

Pointedly, these position statements were submitted immediately before and after the dismissal of Plaintiff's case in July of 2018 by the district court. The position statements raised a

number of defenses, but failed to raise Res Judicata as a formable defense in either one. Nor did any of the position statements allude to or suggest implicitly or explicitly that the charges field with the EEOC were in the process of being or had been adjudicated by a court of law. More specifically, the Defendants and their legal counsel were the same in both instances.

Furthermore, the Seventh Circuit has deduced in *Donley v. Stryker Sales Corp.*, 906 F.3d 635, 638 (7th Cir. 2018) that an employer's EEOC response would not be excluded when offered as an admission of a party opponent. See Fed. R. Evid. 801(d)(2); citing *Starks v. George Court Co.*, 937 F.2d 311, 314 n.2 (7th Cir. 1991) (using EEOC response as evidence of inconsistencies in employer's reasoning); *E.E.O.C. v. C.G. Schmidt, Inc.*, 670 F. Supp. 2d 858, 868-69 (E.D. Wis. 2009). Consequently, Plaintiff asks the court to take notice of Defendant Kenco and Mars position statements submitted to the EEOC relative to this matter to which Defendant The Reed Group is attempting to piggy back on their theory of Res Judicata.

**Standard on a motion to dismiss**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails "to state a claim upon which relief can be granted" Fed.R.Civ.P. 12(b)(6) the Court may dismiss the claim. In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert, 344 F.3d 655, 657 (7th Cir. 2003).* On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Cir. 2004) (quoting Scheuer v. Rhodes, 416U.S. 232, 236 (1974)).*

**Plaintiff contends that** Defendant The Reed Group aided and conspired with other Defendants such as Kenco and Mars, in violating Plaintiff's civil rights through discriminatory

and retaliatory schemes in violation of Title VII, 42 USC 1981 and 42 USC 1985, when it illegally obtained information relative to Plaintiff's medical condition at the direction of Defendants Kenco[4], who was acting on behalf of Defendant Mars its previous employer. This conduct contributed to Plaintiff being harassed, retaliated against and denied of monies due and owing her from disability benefits procured through her employment at the Mars Manteno facility.

**Defendant's motion was made in Bad Faith**

Plaintiff contends that Defendant(s) motions were made in bad faith, as Defendants were fully aware that they nor Plaintiff had litigated these issues before any court of competent jurisdiction.

Additionally, Plaintiff asserts that these motions were intentionally made to mislead the court and hinder, delay and thwart Plaintiff's due process and the administration of justice.

**If necessitated:**

Plaintiff asks the court to exercise the provision to amend her complaint in the event that there are noted deficiencies by the court. See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015).

**For the aforementioned reasons**, Plaintiff prays that this Honorable Court deny Defendant The Reed Group's motion to dismiss and allow Plaintiff to amend her complaint if there are any noted deficiencies. As well as, waive any arguments not raised by Defendant.

---

[4] Hartford declined having any knowledge of The Reed Group. Dkt.No.1 pg.135

Dated: February 7, 2020.                    Submitted By: _Edith McCurry_

                                            EDITH MCCURRY
                                            *Pro Se*
                                            6239 South 13110 East Rd.
                                            Pembroke Township, IL 60958
                                            815-735-4281

## CERTIFICATE OF SERVICE

Please take notice that on February 7, 2020, I, EDITH MCCURRY, hereby, certify that I did file a

RESPONSE TO DEFENDANTS MOTION TO DISMISS with the Northern District of Illinois

Eastern Division in the foregoing matter of Case No. 19-cv-04067 and have served the persons

identified on the docket's service list through Notice of Electronic Filing generated by the Court's

CM/ECF system.

Edith McCurry

_____

Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

14