**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| EDITH McCURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CV 04067 |
| | ) | |
| MARS, KENCO LOGISTICS SERVICES, LLC, | ) | Judge Sharon Johnson Coleman |
| THE HARTFORD FINANCIAL SERVICES GROUP, | ) | |
| INC., THE REED GROUP and DR. KOEHLER | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN KOEHLER, M.D.'s RULE 12(B)(5) MOTION TO DISMISS**

COMES NOW Defendant, JOHN KOEHLER, M.D. (named in the Complaint as "Dr. Koehler") (herein "Defendant Koehler"), by and through his attorneys of record, Reno & Zahm LLP, and in support of his Rule 12(b)(5) Motion to Dismiss, states as follows:

**Factual Background**

On June 17, 2019, Plaintiff's Complaint was filed in the above-captioned matter. (Dkt. 12). The Complaint purports to allege various causes of action against each of the four defendants, but is pled in such a manner so as to make it impossible to determine who is being sued for what allegedly wrongful conduct.

According to the Complaint, Defendant Koehler's involvement with the Plaintiff was limited to performing an independent medical examination ("IME") to determine whether or not Plaintiff was physically able to work. (*See* Dkt. 12, ¶¶ 62-73, Exs. 10 and 11). The IME in question was performed by Defendant Koehler on April 11, 2017. (*Id.*, Ex. 11).

Summons was issued as to Defendant Koehler on July 22, 2019. According to the U.S. Marshall's Process Receipt and Return, the Summons and Complaint issued to Defendant Koehler were served upon "Chloe Farnham – Patient Care Coordinator Front Desk" at 1663 Belvidere Road, Belvidere, Illinois, on December 11, 2019. (Dkt. 52 – attached hereto as Exhibit A). The address of 1663 Belvidere Road, Belvidere, Illinois, is the address of a Physicians Immediate Care medical clinic. (See Ex. B).

**Argument**

**A. Standard for Rule 12(b)(5) Motion**.

Unless a plaintiff can demonstrate good cause, Federal Rule of Civil Procedure 4(m) mandates that a plaintiff must serve a defendant with summons within 90 days of a complaint being filed or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If an action is dismissed after the statute of limitations has expired because service was not made within the time allotted by Rule 4(m), the dismissal is with prejudice. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007-08 (7th Cir. 2011). A defendant may enforce the service of process requirements through a Rule 12(b)(5) motion to dismiss. Cardenas, 646 F.3d at 1005 (7th Cir. 2011).

The plaintiff bears the burden to demonstrate that it has effectuated service on each defendant in a timely fashion. *Id*. Unless good cause is shown, the decision of a court whether to dismiss a case for failure to effectuate service or to extend the time for service is inherently discretionary. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). The fact that the statute of limitations would bar refiling of a suit does not alone require nor justify an extension of the time for service under Rule 4(m). *Cardenas*, 646 F.3d at 1006. As the Seventh Circuit has stated, Rule

4(m) "specifies no criteria for the exercise of mercy." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006).

**B. Service Was Not Timely Perfected.**

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendant Koehler within ninety (90) days after a complaint being filed. As more fully set forth in Section B herein below, the Summons and Complaint were never properly served upon Defendant Koehler. Moreover, even the purported service was untimely.

Purported service of the Summons and Complaint did not occur until December 11, 2019, a full one hundred forty-five (145) days after the Complaint was filed. Thus, Plaintiff failed to serve Defendant Koehler in a timely fashion, and it is within this Court's discretion to dismiss Plaintiff's claim against Defendant Koehler.

**C. The Purported Service Upon Defendant Koehler was Insufficient**.

Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual residing within a judicial district of the United States may be served in accordance with applicable state law, or by doing any of the following: (a) delivering a copy of the summons and of the complaint to the individual personally, (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of summons. Fed.R.Civ.P. 4(e). Illinois state law provides for substantially identical methods of service. 735 ILCS 5/2-203(a).

The U.S. Marshall's Process Receipt and Return states that the Summons and Complaint were served upon "Chloe Farnham – Patient Care Coordinator Front Desk" at 1663 Belvidere Road, Belvidere, Illinois. (Ex. A, Dkt. 52). The Belvidere address is the location of a business

entity/medical clinic called Physicians Immediate Care, and thus is not the dwelling or usual place of abode of Defendant Koehler. (Ex. B). the U.S. Marshall's Process Receipt and Return does not indicate that service was made upon Defendant Koehler personally or upon an agent authorized by law to receive service on behalf of Defendant Koehler.

Thus, Plaintiff may not establish that Defendant Koehler was properly served as required by Fed. R. Civ. P. 4(e) and 735 ILCS 5/2-203(a). *See Zausa v. Pellin*, No. 16-cv-11440, 2017 WL 2311232, at *4 (N.D. Ill. May 26, 2017) (holding that service of summons on a receptionist at the defendant's office was insufficient service under Rule 4(e), where the receptionist was not the designated registered agent); S*tanek v. Saint Charles Comm. Unit School Dist*., No. 13-cv-3106, 2017 WL 782993, at *2 (N.D. Ill. Feb. 28, 2017) (service on a receptionist at the defendant's workplace was not proper service under Rule 4(e)); *Flanagan v. Cook County Adult Probation Dept.*, No. 15 C 7993, 2016 WL 1595065, at *1-2 (N.D. Ill. Apr. 21, 2016) (leaving a copy of the summons at the defendant's workplace is not proper service).

## Conclusion

For all of the above and foregoing reasons, Defendant, JOHN KOEHLER, M.D., moves this Court for an Order dismissing Plaintiff's Complaint as to Defendant Koehler pursuant to Federal Rule of Civil Procedure 12(b)(5).

Dated: February 19, 2020

Respectfully submitted,

/s/ Scott A. Calkins_______
Attorney for Defendant
John Koehler, M.D.

RENO & ZAHM LLP
By: Scott A. Calkins, ARDC #6285423
2902 McFarland Road, Suite 400
Rockford, IL 61107
Telephone: (815) 987-4050
Telefax: (815) 987-4092
sac@renozahm.com

**CERTIFICATE OF SERVICE**

I certify that on February 19, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorneys:

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis, P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
jody.moran@jacksonlewis.com
julia.argentieri@jacksonlewis.com

Thomas R. Davies
Kimberly J. Overbaugh
Harmon & Davies, P.C.
2306 Columbia Avenue
Lancaster, Pennsylvania 17603
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com

J. Hayes Ryan
Jordan L. Matthis
Gordon Rees Scully Mansukhani, LLP
One North Franklin St., Suite 800
Chicago, Illinois 60606
hayesryan@grsm.com
jmatthis@grsm.com

W. Sebastian von Schleicher
Rachel H. Beattie
Smith, Von Schleicher & Associates
180 N. LaSalle St., Ste. 3130
Chicago, IL 60601
warran.vonschleicher@svs-law.com
rachel.beattie@svs-law.com

I further certify that the foregoing was served by U.S. mail and by email to the following non-ECF participant:

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958
Emccurry1@gmail.com

/s/ Scott A. Calkins_______
Scott A. Calkins, ARDC #6285423
RENO & ZAHM LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107
Telephone: (815) 987-4050
Telefax: (815) 987-4092
sac@renozahm.com
Attorneys for Defendant, John Koehler, MD