FILED
7/1/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
CP

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EDITH MCCURRY

    PLAINTIFF,

V S .

MARS, INC., KENCO LOGISTICS
SERVICES, LLC., HARTFORD LIFE,
THE REED GROUP AND DR. KOEHLER

    DEFENDANTS,

1 : 1 9 C V 0 4 0 6 7

Judge: Sharon Johnson Coleman
Magistrate Judge: Gabriel A. Fuentes

## PLAINTIFF RENEW'S HER JUNE 21, 2021 MOTION TO COMPEL DISCOVERY FROM DEFENDANT AND SANCTIONS

Plaintiff, Edith McCurry, pursuant to Federal Rules of Civil Procedure 26, 33, 34, 37, their relevant subsections respectfully and the Local Rule(s) renew's her June 21, 2021 Motion to Compel complete discovery production from Defendant in compliance with the Court's order of April 23, 2021, as well as, sanctions.

**Meet and Confer**

On Thursday, June 24, 2021, Plaintiff, Casey Leech and Julia Argenteri conferred by telephone. In sum, Defendant concluded that we were at an impasse regarding the outstanding discovery issues. Plaintiff directed Defendant's counsel to the documents it produced that

referenced the policy in question. For example, Defendant's documents produced after it alleged compliance to the court order, Bate stamped document 1542[1], Certificate of Insurance, no less than nine (9) times references the Policy. Stating that the Policy that was issued to Defendant and is kept on file; that the Policy is the only contract, and that Policy is defined, as well as, other claims and disclaimers about the policy. Other documents produced along with this particular page reference the fact that the plan incorporates the policy, page 52 ¶2 of Plaintiff's June 21, 2021 motion. Therefore, the Plan and the Policy by Defendant's own evidence is not the same.

Additionally, in Janurary of 2021 Defendant had initially represented that this request for production was not proportional to the needs of the case and similarly in March of 2021 Defendant indicated that the request for the Policy along with other documents had no "relationship to the claims or defenses at issue in the litigation." Group Exhibit A (Plaintiff's request and Defendant's response)

Defendant during the June 24, 2021, meet and confer at times offered two (2) different theories; one (1) that tried to lead Plaintiff to believe that the documents produced were the Policy or that they did not have the Policy. Plaintiff disagreed with this circular definition, as it is not proper to define a thing by itself nor is Policy and Plan synonymous and that they do not have the policy.

In further good faith efforts Plaintiff reached out to Defendant by email of Friday, June 25, 2021. A cpoy of that communication is attached as Exhibit B and again on Tuesday, June 29, 2021, for one final attempt to resolve this before seeking the court's intervention. As of the time of this filing, Plaintiff is unaware of any response from Defendant.

---

1 Cross-refernced in Plaintiff's June 21, 2021 motion on Page 32

**Clarification on Terminology**

Plaintiff would like to clarify and define the context in which the term "Acting Corruptly is cited in her motion to compel as defined by its ordinary and literal meanings as described below:

Plaintiff understood in the legal context, "corrupt" means "[s]poiled; tainted, vitiated, depraved; debased; morally degenerate" according to Black's Law Dictionary 345 (6th ed.1990). The adverb "corruptly" has been defined by the Oxford English Dictionary to mean "[i]n a corrupt or depraved manner; pervertedly; by means of corruption or bribery." Oxford English Dictionary (2d ed.1989) (retrieved online at http://dictionary.oed.com H). The same dictionary defines the adjective "corrupt" as "[p]erverted from uprightness and fidelity in the discharge of duty; influenced by bribery or the like; venal." Ibid. Elsewhere, "corrupt" is defined as "characterized by improper conduct (as bribery or the selling of favors)," Merriam Webster's Collegiate Dictionary 261 (10th ed.1993).

Plaintiff has used these definitions to the extent to define Defendant and their counsel's conduct as egregiously improper, sordid and unethical. Conduct that is reminiscent of Defendant's actions and conduct that caused Plaintiff irreparable harms (i.e. patently false and misleading material misrepresentations in McCurry Vs. Kenco et al...16 Cv 2273 in regards to Mr.Szplett, Hartford, etc... that led to or at the very least contributed to the denial of Plaintiff's employment claims). Defendant nor its counsel regarded the law, the administration of justice or the judicial system when it had no problem making whatever statement(s) that were necessary to prevail at the most current judicial venue without consequence or reprisal. Any reasonable person could come to the conclusion that those actions: 1) were wrong; 2) were intended to influence the decision

maker and their decision(s), which helped Defendant escape punishment; 3) were an impediment and obstructive to the administration of justice and; 4) In my opinion, their actions were a sheer mockery of the judicial system and/or an indictment that justice is inequitable or unobtainable for ordinary people like myself that may not know the correct vernacular or legalese or procedures or do not have the knowledge or wherewithal to be a serious contender in their fight for justice and; 5) In my further opinion, Defendant's current actions are contemptuous and in blatant disregard to the Court's authority and order to produce those documents.

Plaintiff's contention is based upon Plaintiff's immediate past and current encounters with Defendant and her most recent encounter, whereby, Defendant's counsel attempted to bully and or threaten Plaintiff about raising issues regarding their conduct. Plaintiff believed the purpose of the Court Ordered meet and confer was about the resolution of outstanding discovery issues. In Plaintiff's opinion, it should not have been used an opportunity to intimidate Plaintiff by using scare tactics and bullying, with the threat or promise of being punished, if Plaintiff continued to raise issues about Defendant's actions.

Moreover, Defendant's conduct suggests that it knew or thought that if they avoided Plaintiff long enough by not responding to Plaintiff's calls or emails that Plaintiff would not be able to comply with the local rule; thereby, making it more difficult for Plaintiff to obtain the discovery at issue or simply time would lapse and discovery would close. It is unfathomable that Defendant would not return Plaintiff's calls or emails and it is equally troubling and unfathomable that Defendant would send a draft of the joint status report, after weeks of not communicating with Plaintiff and after the close of business for the week, on the Saturday night before the report was due on Monday at noon, bereft of the fact that there were outstanding issues, with the

expectation that Plaintiff would see it and be able to timely respond. A copy of that communication is attached as Exhibit C

Without question Plaintiff is not a lawyer or a student of the law and may not be able to recite in the best or most proper terms her concerns about the actions of Defendant, but Plaintiff is able to apply ordinary concepts and reconcile certain facts, such as: Defendant and their same counsel made several inconsistent representations about a number of issues, including, the nature of Mr. Szplett's and Plaintiff's employment duties and titles that resulted in an adverse finding for Plaintiff, and without reprisal or consequence felt empowered to switch up or change that and other stories at will for their benefit and convienience~That cannot *either be lawful or ethical.*

Plaintiff can also reconcile the fact that Plaintiff pointed out to Defendant's counsel, as recent as, Friday, June 25, 2021, that it was in possession of information that contradicted their current position. Plaintiff can go on to point out that Defendant is vexatiously delaying and hindering this judicial process by withholding the Policy[2] and other relevant documents relative to the Hartford among other items that are relevant to Plaintiff's discovery and claims before this court.

In conclusion, Plaintiff renews her motion inclusive of the aforementioned statements and seeks the relief outlined previously in her June 21, 2021 motion.

Respectfully submitted:

*Edith McCurry*
Edith McCurry (pro se)
6239 South 13110 East Road
Pembroke Township, IL 60958

---

2  According to Defendant's production the Policy is issued on a yearly basis; therefore, there are policies at issue since 2015.

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that Plaintiff complied with Local Rule **LR37.2. Motion for Discovery and Production.**

    On June 24, 2021, I, Edith McCurry, Plaintiff as ordered by the Court conferred with Defendant's counsel Ms. Argenteri and Casey Leech. We spoke for a while regarding the outstanding discovery issues. After our discussion, Ms. Argenteri indicated that she believed that we had come to an impasse with regards to the outstanding discovery issues.

    On June 25 and 29, 2021, Plaintiff again reached out to Defendant by email and phone respectively, as a follow up in an attempt to resolve the outstanding issues. As of the date of the filing of this Certificate, Plaintiff is not aware of a response from Defendant.

    Prior to these efforts, Plaintiff in good faith addressed the various discovery issues with Defendant on multiple occasions to no avail

*Edith McCurry*

EDITH MCCURRY, Pro Se
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

Exhibit A

# EDITH MCCURRY

March 9, 2021

E-Mail

RE: Discovery Issues

Julia P. Argentieri
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601

Ms. Argentieri:

I am writing to you again, as a requisite of the meet and confer provision of the discovery phase. I am in receipt of your discovery that you sent to me. In particular, I had requested the Form 5500; however it is not complete. Please send the schedules that go along with Form 5500. Additionally, the audit reports are missing, as well. Please forward these items.

In addition, I had requested information regarding the insurance policies. That information was not included as well.

Last but not least, the Reed Group has informed me that you are in possession of records that I sought through the subpoena from them. Similar or same records were requested from you in my initial production request back in December. This information was not forwarded to me as requested. Please forward this information as requested.

Additionally, if there was anything else that was overlooked and not forwarded to me, please forward it expeditiously.

Respectfully,

*Edith McCurry*

Edith McCurry

6239 S. 13110 East Rd. • Pembroke, IL 60958 • 815.735.4281



# Re: Meet and Confer-Discovery-First set of Request to Produce
4 messages

---

**Edith Mccurry** <emccurry1@gmail.com>     Tue, Mar 9, 2021 at 7:34 PM
To: Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>, Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>, Tatum, Sharon L. (Chicago) <Sharon.Tatum@jacksonlewis.com>, Salgado, Molly (Chicago) <Molly.Salgado@jacksonlewis.com>

Hi,

Please find the attached document regarding production and the Reed Group.

Edith

> On Wed, Jan 27, 2021 at 3:23 PM Edith Mccurry <emccurry1@gmail.com> wrote:
>
> Hi,
>
> Please see the attached letter regarding Plaintiff's FIrst Set of Request to Admit.
>
> Edith

---

**Argentieri, Julia P. (Chicago)** <Julia.Argentieri@jacksonlewis.com>     Wed, Mar 10, 2021 at 8:32 AM
To: Edith Mccurry <emccurry1@gmail.com>, Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>, Tatum, Sharon L. (Chicago) <Sharon.Tatum@jacksonlewis.com>, Salgado, Molly (Chicago) <Molly.Salgado@jacksonlewis.com>

Ms. McCurry-

We will pass along your letter to our client and follow up with you if Kenco has any additional documents to provide. In the meantime, please provide us with a copy of any correspondence you received from the Reed Group in response to your subpoena. Under Rule 45, copies of documents and/or communications received in response to subpoena must be provided to all parties.


Thank you.


Regards,

Julie Argentieri



**Julia P. Argentieri**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500

Chicago, IL 60601
Direct: (312) 803-2533 | Main: (312) 787-4949 | Mobile: (847) 308-5969
Julia.Argentieri@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

---

**From:** Edith Mccurry <emccurry1@gmail.com>
**Sent:** Tuesday, March 9, 2021 7:34 PM
**To:** Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>; Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>; Tatum, Sharon L. (Chicago) <Sharon.Tatum@jacksonlewis.com>; Salgado, Molly (Chicago) <Molly.Salgado@jacksonlewis.com>
**Subject:** Re: Meet and Confer-Discovery-First set of Request to Produce

[EXTERNAL SENDER]

[Quoted text hidden]

---

**Edith Mccurry** <emccurry1@gmail.com>         Sat, Mar 13, 2021 at 9:29 AM
To: Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>, Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>, Tatum, Sharon L. (Chicago) <Sharon.Tatum@jacksonlewis.com>, Salgado, Molly (Chicago) <Molly.Salgado@jacksonlewis.com>

Hi

Additionally, I realized that I inadvertently omitted from my 3.9.21 letter that information regarding the Hartford was missing.

I am still seeking that information that was requested. To recap this should include invoices to and from the Hartford, bills, contracts, amendments, policies, plans, reports, canceled checks, drafts, accounting, audit reports ( internal and external). This information requested is relative to the relationship between Kenco and Hartford from 2013 to date.

Thanks
Edith

[Quoted text hidden]

---

**Edith Mccurry** <emccurry1@gmail.com>         Tue, Mar 16, 2021 at 7:49 AM
To: Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>, Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>, Tatum, Sharon L. (Chicago) <Sharon.Tatum@jacksonlewis.com>, Salgado, Molly (Chicago) <Molly.Salgado@jacksonlewis.com>

Hi

Additionally, sprinkled throughout the discovery responses, where claims of privilege. No privilege logs were provided, please provide them with the items previously requested by Friday, March 19, 2021.

Thank you
Edith

[Quoted text hidden]

# JacksonLewis

**Jackson Lewis P.C.**
150 North Michigan Avenue, Suite 2500
Chicago IL 60601
(312) 787-4949 Direct
(312) 787-4995 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (312) 803-2522
MY EMAIL ADDRESS IS: JODY.MORAN@JACKSONLEWIS.COM

MY DIRECT DIAL IS: (312) 803-2553
MY EMAIL ADDRESS IS: JULIA.ARGENTIERI@JACKSONLEWIS.COM

March 18, 2021

<u>*Via Electronic Mail and Federal Express*</u>

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958
EMcCurry1@gmail.com

                **Re:** *Edith McCurry v. Kenco Logistic Services, LLC*
                <u>**Case No.:**   19-cv-04067            </u>

Dear Ms. McCurry:

      We have reviewed your letter dated March 9, 2021 regarding Kenco's document production. In addition, we have reviewed your follow-up emails dated March 13 and March 16.

      First, Kenco's disability insurance policies issued by the Hartford, and in effect during your employment, were previously provided to you. *See* Kenco 22-92. Also, Kenco has produced all records of payments from Hartford to McCurry in its possession (*see* Kenco's response to request #66). To the extent that you are requesting additional items relative to the relationship between Kenco and the Hartford including bills, canceled checks, drafts, accounting (as stated in your follow-up email) Kenco maintains its objections that such requests are overly broad and lack any relationship to the claims or defenses at issue in the litigation.

      Second, with respect to the Form 5500, we disagree with your position that all schedules and auditor reports are relevant to the claims and defenses or proportional to the needs of the case, given that the vast majority of the schedules have nothing to do with disability benefits and therefore bear no relationship to the allegations at issue in your lawsuit. Notwithstanding our objections, in the interests of trying to resolve this issue, we have now bates stamped the portions of the Form 5500 schedules involving disability benefits with the Hartford, along with the

**JacksonLewis**

Edith McCurry
March 18, 2021
Page 2

Independent Auditor's Report. (*See* Kenco 305-334, attached hereto). As stated in the auditor's report "the Plan has fully-insured contracts in place with various insurance providers for dental, vision, **disability**, death, and a minor portion of healthcare benefits." (emphasis supplied). Thus, as you are well-aware, Kenco's disability insurance plan was fully-insured by the Hartford, and accordingly, Kenco paid a premium to maintain this insurance benefit and the Hartford solely handled the review, determination, and payment of any employee claims for disability benefits, as reflecting in all documents produced by Kenco and attached to your Complaint.

Third, you requested a privilege log but Kenco does not have any responsive documents to log on a privilege log at this time. Our responses to requests for production included two specific mentions of privilege. In response #20, we objected to providing all documents tendered to an expert witness to the extent that they are privileged. We further explained that no expert witness has been identified at this time, and thus, no such documents exist, but Kenco is reserving its right to assert any privilege in the future. Secondly, in response #74, you requested "all internal and external communications regarding McCurry, including but not limited to emails, memos, and other written communication between Jay Elliott, Susan Moore, Cathy Phillips, Paula Hise, or any other employee or agent of Kenco regarding OSHA/DOL, Hartford, The Reed Group, or any other person or entity." To the extent that this overly broad and vague request is seeking post-litigation communications between Jay Elliott (Kenco's in-house counsel) and outside counsel, such documents are outside the scope of what is discoverable under Rule 26 and need not be logged on any privilege log. *See Andersen v. Vill. of Glenview*, 2018 U.S. Dist. LEXIS 75609, *8 (N.D. Ill. May 4, 2018) ("Defendants need not produce communications from their attorneys post-litigation nor identify them on a privilege log because they are not within the scope of discoverable information as defined in Rule 26(b)(1), and his Motion for Protective Order is granted"). In accordance with the Court's ruling in *Andersen,* Kenco will seek and obtain a protective order if you continue to request privileged communications that are not discoverable.

Finally, Kenco is not in possession of any records from the Reed Group (other than those documents that were attached to your complaint, Dkt. No. 1). In accordance with Fed. R. Civ. P. 45, we are reminding you to please provide Kenco with copies of all documents or communications received in response to third-party subpoena, including any communications you've had with the Reed Group regarding documents requested from them. To the extent that the Hartford may have worked with the Reed Group to evaluate claims for benefits, Kenco did not receive copies of any such medical records. Kenco has already provided you with all documents in its possession related to your claim for long term disability benefits.

Also, we are following up on our prior Rule 37 communication dated February 18th where we notified you that the bates stamping on your documents are not legible and requested that you produce new copies of all documents with legible bates stamps. We would appreciate you sending us the legible copy within the next seven days.

**JacksonLewis**

Edith McCurry
March 18, 2021
Page 3

      It is our understanding that this response fully addresses the issues raised in your March 9, 2021 email and letter, as well as your follow-up emails dated March 13 and 16. Please let us know if you have any questions or would like to set up a time to discuss any of these issues further.

Regards,

JACKSON LEWIS P.C.

*Jody Wilner Moran and Julia P. Argentieri*
Jody Wilner Moran and Julia P. Argentieri

JWM\JPA\st

Enclosures



# McCurry v. Kenco - Rule 37 Meet and Confer Teleconference
1 message

**Edith Mccurry** <emccurry1@gmail.com>    Fri, Jun 25, 2021 at 7:19 PM
To: Leech, J. Casey (Chicago) <Casey.Leech@jacksonlewis.com>, Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>, Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>, Kwaak, Helen M (Chicago) <Helen.Kwaak@jacksonlewis.com>, Tatum, Sharon L. (Chicago) <Sharon.Tatum@jacksonlewis.com>

Hi

I am following up on our conversation of yesterday inregards to the judge's order.

This is to confirm our conversation of yesterday with myself, Ms. Argentieri and Mr. Leech that we are all in agreement that we are at an impass regarding the lack of production of the policy that is described in the plans that were provided on May 24, 2021.

As I indicated to you during our phone conference, directing your attention to the most recent plans submitted by you on May 24, 2021 that again reference the same policy that I had requested in my initial production request.

Additionally, it inconceivable that a plan can exist without a policy. Especially, when the plan says the plan and policy are incorporated together.

Here is the rub for me, while I appreciate you indicating yesterday that you have produced everything, there was a juncture where you told me in your written responses that the policy was not relevant and because you contended that was not relevant that was the reason you did not produce it.

These reasons provided by you at different times during this discovery process are inconsistent and what makes your statement(s) that much more incredulous is the fact that you provided me with documentation that states that there is a policy relative to this plan that was issued to your client and; The expectation, based on the same information you provided, is that the policy is on file at your clients office.

I do realize that your obligation is to your client. However, you are not an outlier either. You have in your possession information that you can read and interpret using the ordinary meanings of the words to understand and conclude that there is a policy for this plan. As the plans you provided on May 24, 2021, mentions the Policy at least nine (9) times in the certificate of insurance alone.

The context provided in the contents of the plan(s) you provided is contradictory to what you proposed to me on yesterday of that you either now do not have this policy or that the policy and the plan are one in the same. Which is in further contradiction to what you stated to me in our second phone conversation in April of 2021, when you stated that I needed to give you a good reason to go back to your client to ask for these documents.

Consequently, it is these kinds and other instances that make me believe that there is some deliberate intent and/or an improper purpose and/or motive involved that precludes the production of this policy and the other information ordered by the judge that you once said was irrelevant, but now you allege to

now not have...Records that you are required to keep and also records that are kept in the ordinary course of business are what is at issue here.

As promised, I am informing you that I will be moving forward with filing another motion to compel because I believe that this policy exist and that you are in possession of it and that it is some deliberate intent or motive that precludes the production of this and other documents.

You have until the close of business on Tuesday to provide me with this information.  If I do not receive it by then, it will confirm that we are at the impass that you stated we were at on yesterday, Thursday, June 24, 2021.

Thanks
Edith McCurry

[Quoted text hidden]

Exhibit C



# McCurry v. Kenco - Joint Status Report
1 message

**Leech, J. Casey (Chicago)** <Casey.Leech@jacksonlewis.com>  Sat, Jun 19, 2021 at 5:12 PM
To: Edith Mccurry <emccurry1@gmail.com>
Cc: Moran, Jody Wilner (Chicago) <Jody.Moran@jacksonlewis.com>, Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>, Kwaak, Helen M (Chicago) <Helen.Kwaak@jacksonlewis.com>

Ms. McCurry,

Hope all is well. As you know, the Court expects the parties to collaborate on a joint status report regarding the anticipated close of discovery, and we have been ordered to submit it by noon on Monday (6/21). Please see attached for our draft of the status report, and let us know if you have any proposed edits.


Thanks,
Casey



[Casey Leech](#)
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2521 | Main: (312) 787-4949
Casey.Leech@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

## CERTIFICATE OF SERVICE

The undersigned, Edith McCurry, hereby certifies that on this 1st day of July, 2021 she caused a copy of the foregoing **PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM DEFENDANT AND SANCTIONS** to be filed with the Northern District of Illinois Eastern Division in the foregoing matter of Case No. 19-cv-04067 and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system.

    Casey Leech
    Jody Wilner Moran
    Julia P. Argentieri
    Jackson Lewis P.C.
    150 N. Michigan Avenue, Suite 2500
    Chicago, Illinois 60601
    Julia.Argentieri@jacksonlewis.com;
    Jody.Moran@jacksonlewis.com

    */s/ Edith McCurry*
    Edith McCurry (pro se)
    6239 South 13110 East Road
    Pembroke Township, IL 60958