IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Edith McCurry, <br><br> Plaintiff <br><br> v. <br><br> Mars, Kenco Logistics Services, LLC, The Hartford Financial Services Group, Inc., The Reed Group and Dr. Koehler, <br><br> Defendants. | Case No. 19-CV-04067 <br><br> Judge Sharon Johnson Coleman <br> Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, Kenco Logistic Services, LLC ("Kenco"), submits this response in opposition to Plaintiff's Renewed Motion to Compel from Defendant and Sanctions (ECF No. 142) and states as follows:

**INTRODUCTION**

McCurry's lawsuit against her former employer, Kenco, consists of a dispute over whether Kenco discriminated against her, or violated the Employee Retirement Income Security Act ("ERISA"), through decisions surrounding her receipt of disability benefits. But Kenco's employee disability benefits were fully-insured and administered by Kenco's insurer, The Hartford -- and all such decisions regarding McCurry's disability claims were made by The Hartford, without any input from Kenco. The documents attached to McCurry's own Complaint state as much: "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy". *ECF No. 1 at 86.*

Kenco has produced copies of the pertinent disability insurance policy, Kenco's leave of absence policy, McCurry's personnel documents, and all correspondence received from The Hartford regarding the status of McCurry's disability claim. Apparently unsatisfied with this production, McCurry has brought several motions to compel against Kenco, despite Kenco's counsel repeatedly informing McCurry that it is not in possession of any additional documents relevant to this matter and a providing her with a written certification to that effect.

Most recently, on July 1, 2021, McCurry filed an untimely motion to compel, which was in violation of the Court's April 23, 2021 Order that any motions to compel were to be filed by 5:00 p.m. on June 4, 2021 absent leave of Court (*ECF No. 130*), realleging her baseless contentions that there exists a long-term disability "policy" that Kenco refuses to produce. In previous correspondence and meet and confer teleconferences, counsel for Kenco has informed McCurry that there is no separate long-term disability policy that stands alone from the long-term disability plan documents that have already been produced.

McCurry cannot bludgeon Kenco through baseless motions into producing a document which it does not possess, nor can she will into existence a document which does not exist. To be clear, Kenco has produced all policies and plan documents in its possession related to the long-term disability plan at issue in this matter and Kenco is not aware of any other documents that would aid the Parties, or the Court, in its resolution of the issues in this case. Moreover, Kenco repudiates McCurry's baseless allegations that Kenco and its counsel have been "corrupt." Indeed, Kenco has acted reasonably in responding to McCurry's voluminous (and, in many cases, irrelevant) discovery requests throughout this litigation, and McCurry has absolutely no basis for the name calling in which she engages. For all the reasons stated herein, McCurry's Motion to Compel, and her request for sanctions, should be denied.

**FACTUAL BACKGROUND**

McCurry served Requests to Admit, Interrogatories, and Requests for Production on Kenco in December of 2020, and Kenco provided written responses to all discovery in January of 2021. McCurry additionally served supplemental discovery requests on Kenco in March of 2021, to which Kenco served its responses in April of 2021.

On April 21, 2021, McCurry filed a Motion to Compel Discovery from Defendant and to Deem Facts as Admitted. ECF No. 124. On April 23, 2021, the Parties appeared before Judge Fuentes for a telephonic hearing on McCurry's Motion to Compel; the Court granted it in part and denied it in part, and directed Kenco to serve any supplemental discovery on McCurry by May 7, 2021. *ECF No. 129*. The Court also directed Kenco to serve McCurry with a certificate of compliance stating that no further responsive documents are known to be in Kenco's possession after a reasonable search, in the event Kenco possessed no additional documents other than what it had already produced. Further, the Court extended the fact discovery cutoff to June 23, 2021 for the limited purposes of: (1) following up on subpoenas McCurry had already served; and (2) following up on the supplemental discovery which Kenco was ordered to serve by May 7, 2021. ECF No. 130. Per the Court's order, any motions to compel discovery were to be filed no later than 5:00 p.m. on June 4, 2021, absent leave of Court.

On May 7, 2021, Kenco served its supplemental discovery responses on McCurry, along with a Certificate of Compliance stating that no additional documents responsive to McCurry's Requests for Production Nos. 22, 34, 55, and 71 are known to be in Kenco's possession, other than the documents already produced by Kenco. *Exhibit A*. Kenco further stated that it made this certification after a reasonable search. McCurry responded to Kenco's production by stating that she was "*of the opinion* that [Kenco] did not discharge [itself] of [its] burden relative to the

3

production of documents from the Hartford." *Exhibit B (emphasis added)*. Jody Moran, counsel for Kenco, then wrote to McCurry on May 13, 2021: "Kenco has provided all documents that relate to your claims against Kenco, consistent with the Court's Order. If there are particular documents you believe have been withheld, please let us know." *Exhibit C at 3*. McCurry responded simply: "I did the information from the Hartford." *Id*. After being asked what she meant by this, McCurry asserted that she believes there exists a "policy from the Hartford" that Kenco had not produced. After Attorney Moran assured McCurry, "We have double-checked with Kenco's Senior Manager of Benefits [Cathy Phillips] and are confirming that we have sent you everything pertaining to the Hartford plans that you have requested," McCurry replied, "I disagree the plan is not the policy and the plan references the policy." *Id. at 1–2.* After then triple-checking with Kenco about whether any additional documents exist which had not yet been produced to McCurry (there were none), on May 24, 2021, Kenco re-produced to McCurry copies of the short-term and long-term disability policies that Kenco had with The Hartford during McCurry's employment with Kenco, bates-labeled as *KENCO001536 – KENCO001646*.[1]

On June 7, 2021, McCurry filed yet another Motion to Compel Discovery from Defendant and Sanctions. *ECF No. 132*. The Court denied McCurry's Motion to Compel for failure to comply with Local Rule 37.2, ordered strict compliance with Local Rule 37.2 going forward, and encouraged the parties to discuss, during any future Local Rule 37.2 conference, McCurry's "characterizations of the conduct of defense counsel and defendants in this case, including the allegations that defendants have been 'corrupt.'" *ECF No. 133*. "Language of that force will be explored at any subsequent motion hearing, and the party making such allegations will be required

---

[1] Kenco previously produced these documents to McCurry as KENCO000022 – KENCO000097 and KENCO000105 – KENCO000138, and McCurry attached the long-term disability plan to her Complaint (see ECF No. 1 at 55–91).

4

to back them up." *Id*.

McCurry did not, however, comply with Local Rule 37.2 or the Court's previous orders: on June 21, 2021, McCurry filed yet another Motion to Compel (*ECF No. 137*), and Judge Fuentes denied that motion the same day for again failing to comply with Local Rule 37.2 (*ECF No. 138*).

On June 24, 2021, counsel for Kenco, Julia Argentieri and Casey Leech, participated in a Local Rule 37.2 teleconference with McCurry to discuss the discovery which McCurry claims is outstanding. Again, McCurry alleged that Kenco was withholding a "policy," though she could not articulate what specific document had not been produced. Attorneys Argentieri and Leech reiterated to McCurry that they had spoken to Kenco numerous times about this issue, that Kenco has produced all documents relevant to the short- and long-term disability plans in effect during her employment with Kenco, that Kenco is not aware of any additional documents other than what had already been produced. McCurry stated only one basis for her belief that Kenco was withholding documents: because the plan references "the policy."

After discussing the allegedly unproduced "policy" during the Parties' June 24, 2021 Local Rule 37.2 teleconference, Attorneys Argentieri and Leech invited McCurry to elaborate on her accusations that Kenco and its counsel have been "corrupt." McCurry refused to explain the basis for her allegations of misconduct, so counsel for Kenco referenced the Court's June 8, 2021 Order (*ECF No. 133*) encouraging the parties to discuss such allegations. Again, McCurry refused to provide any support for her allegations of misconduct.

## ARGUMENT

### A.     McCurry's Motion to Compel Is Untimely.

As an initial matter, McCurry's Motion to Compel should be denied because it was not filed by 5:00 p.m. on June 4, 2021, and thus was in violation of the Court's April 23, 2021 Order.

*See Minute Entry, April 23, 2021, ECF No. 130* ("Any motions to compel discovery must be filed by no later than 5:00 p.m. on 6/4/21 absent leave of court.").

McCurry never sought leave from the Court to file her June 7, 2021 Motion to Compel (ECF No. 132), her June 21, 2021 Motion to Compel (*ECF No. 137*), or her currently-pending Motion to Compel filed on July 7, 2021 (*ECF No. 142*). McCurry's status as a *pro se* litigant does not excuse her from abiding by the Federal Rules of Civil Procedure or the Court's deadlines. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."); *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are pro se must follow court rules and directives.").

For failing to comply with this Court's deadline to file any motions to compel by 5:00 p.m. on June 4, 2021, McCurry's Motion to Compel should be denied.

    **B.    Kenco Does Not Possess Any Additional "Policy" Relating to The Hartford's Long-Term Disability Plan.**

Aside from the fact that McCurry's Motion to Compel was untimely filed, her Motion should be denied because she seeks to compel a document which does not exist (or if it does exist, Kenco does not possess it).

McCurry seeks to compel an unknown "policy" relating to her long-term disability benefits, and her claim that such a document exists appears to be based solely on the long-term disability benefits plan's reference that "[t]he benefits described in your booklet-certificate

6

(Booklet) are provided under a group insurance policy (Policy) issued by the Hartford Life and Accident Insurance Company (Insurance Company) and are subject to the Policy's terms and conditions. The Policy is incorporated into, and forms a part of, the Plan." *ECF No. 1 at 86.* As stated in the attached declaration prepared by Cathy Phillips (Kenco's Senior Benefits Manager), Kenco does not possess any additional plan documents relative to the short- and long-term disability benefits plans in effect during McCurry's employment, other than what Kenco has already produced. *Exhibit D, Decl. of Cathy Phillips, July 12, 2021,* ¶ 6. Kenco has conducted a comprehensive search of the documents in its possession, it has produced all documents comprising the short- and long-term disability benefits plan, and it has complied with the Court's April 23, 2021 Order to supplement Document Request Nos. 22, 34, 55, and 71. *Id.* at ¶ 7. Indeed, The Hartford long-term disability policy that McCurry attached to her Complaint is the only plan document relevant to her ERISA claim, and it is not uncommon for a plan document to constitute a long-term disability policy issued by the insurance carrier (here, The Hartford) to the plan sponsor (here, Kenco).

Simply put, there are no additional documents to produce, and McCurry's ongoing fishing expedition for additional documents which do not exist is improper and outside of the reasonable discovery boundaries.

        **C.**        **McCurry Is Not Entitled to Sanctions.**

As part of her Motion to Compel, McCurry requests that the Court grant sanctions. In apparent support of her request for sanctions, McCurry accuses Kenco and its counsel of engaging in misconduct. In part, she refers to their actions as "corrupt," "egregiously improper, sordid and unethical," and she further alleges that "their actions were a sheer mockery of the judicial system." *Pl.'s Mot. to Compel at 3–4.* Further, she grossly mischaracterizes the June 24, 2021 meet and

confer teleconference by claiming that Attorneys Leech and Argentieri used "scare tactics and bullying, with the threat or promise of being punished, if Plaintiff continued to raise issues about Defendant's actions." *Id.* at 4.

McCurry dedicates a paragraph in her Motion to Compel citing to dictionary definitions of the term "corrupt," but she provides no facts to support her baseless and frankly, outrageous allegations that Kenco or its counsel have engaged in conduct which fits these definitions. Throughout this litigation, Kenco and its counsel have worked diligently to resolve McCurry's discovery disputes and to act courteously towards McCurry, even in the face of her repeated accusations of impropriety. Moreover, Attorneys Argentieri and Leech never threatened, bullied, or otherwise acted unprofessionally during their June 24, 2021 meet and confer teleconference with McCurry. Rather, they provided McCurry an opportunity to explain the basis for her allegations that they engaged in misconduct pursuant to Judge Fuentes' June 8, 2021 Order but McCurry refused. McCurry's diatribe against Kenco and its counsel, and her request for sanctions, are thus completely unwarranted and Kenco requests that McCurry be ordered to cease engaging in such inappropriate conduct.

## **CONCLUSION**

WHEREFORE, for all these reasons, Defendant Kenco Logistic Services, LLC requests that the Court deny McCurry's Motion to Compel and grant such additional relief as the Court deems proper.

| | |
|---|---|
| Dated: July 14, 2021 | Respectfully submitted,<br><br>**KENCO LOGISTIC SERVICES, LLC**<br><br>*/s/ Jody Wilner Moran*<br>One of Its Attorneys<br><br>Jody Wilner Moran<br>Julia Pearce Argentieri<br>J. Casey Leech<br>Jackson Lewis P.C.<br>150 North Michigan Avenue, Suite 2500<br>Chicago, Illinois 60601<br>Telephone: (312) 787-4949<br>Facsimile: (312)787-4995<br>jody.moran@jacksonlewis.com<br>julia.argentieri@jacksonlewis.com<br>casey.leech@jacksonlewis.com |

## **CERTIFICATE OF SERVICE**

        The undersigned attorney, hereby certifies that on July 14, 2021, she electronically caused to be filed a copy of the foregoing **DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to those registered on the Court's CM/ECF system, and that a copy was also sent via email and U.S. mail to:

Edith McCurry<br>
6239 South 13110 East Road<br>
Pembroke Township, IL  60958<br>
emccurry1@gmail.com

By: */s/ Jody Wilner Moran*
     One of Defendant's Attorneys