**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Edith McCurry, <br><br> Plaintiff <br><br> v. <br><br> Mars, Kenco Logistics Services, LLC, The Hartford Financial Services Group, Inc., The Reed Group and Dr. Koehler, <br><br> Defendants. | Case No. 19-CV-04067 <br><br> Judge Sharon Johnson Coleman <br> Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant, Kenco Logistic Services, LLC ("Kenco"), submits this response in opposition to Plaintiff Edith McCurry's September 1, 2021 Motion for Sanctions (ECF No. 151) and states as follows:

**INTRODUCTION**

Over the past several months, McCurry has repeatedly levied baseless—and quite frankly, outrageous—allegations against Kenco and its counsel, accusing them, *inter alia*, of being "corrupt and malicious," "lying to the Court,' and otherwise failing to cooperate in discovery.

During the time this case was referred to Judge Fuentes for purposes of discovery, McCurry filed numerous motions to compel in an attempt to bludgeon Kenco into producing a document which it does not possess (and likely does not exist even outside of Kenco's possession). Her previous motions, which contained many of the same accusations against Kenco that she re-asserts in her pending motion, have been denied each time. For example, on June 7, 2021, McCurry filed a Motion to Compel Discovery from Defendant and Sanctions (ECF No. 132); that same day, Judge Fuentes denied her motion for failing to comply with Local Rule 37.2, and instructed her to

"back [] up" her allegations that Kenco has been acting "corrupt." ECF No. 133. Two weeks later, McCurry filed yet another Motion to Compel Discovery from Defendant and Sanctions (ECF No. 138), and again Judge Fuentes denied her motion for failing to comply with Local Rule 37.2 (ECF No. 138). Then, on July 1, 2021, McCurry filed a Renewed Motion to Compel Discovery from Defendant and Sanctions. ECF No. 142. After the parties fully briefed her Renewed Motion, Judge Fuentes denied it *with prejudice*, holding that there was no basis for her "wild allegations that defendant is 'willfully acting in bad faith and in contempt' of court orders." ECF No. 150. Judge Fuentes further described her request for sanctions as "meritless." *Id.* Undeterred by the fact that Judge Fuentes denied her requests for sanctions and found that Kenco complied with all discovery obligations, McCurry continues to re-file duplicative, harassing, and needless motions. Now, McCurry wants yet another bite at the apple as she rehashes many of her previous allegations against Kenco in her currently pending Motion for Sanctions. Enough is enough.

Despite McCurry alleging that Kenco has "provid[ed] materially false and misleading statements by certification and under oath," ECF No. 151 at 4, Kenco has done nothing of the sort. Moreover, the two declarations of Cathy Phillips that McCurry claims "contradict[]" each other are not contradictory at all. To be clear, Kenco has produced all policies and plan documents in its possession related to the long-term disability plan at issue in this matter, and Kenco is not aware of any other documents that would aid the parties, or the Court, in its resolution of the issues in this case. Further, Kenco and its counsel have always acted reasonably in responding to McCurry's voluminous (and, in many cases, irrelevant) discovery requests throughout this litigation, and McCurry has absolutely no basis for the accusations and name calling in which she engages. For all the reasons stated herein, McCurry's Motion for Sanctions should be denied.

**FACTUAL BACKGROUND**

A. **Nature of this Lawsuit**

McCurry's lawsuit against her former employer, Kenco, consists of a dispute over whether Kenco discriminated against her or violated the Employee Retirement Income Security Act ("ERISA") through decisions surrounding her receipt of disability benefits. But Kenco's employee disability benefits were fully-insured and administered by Kenco's insurer, The Hartford, and all such decisions regarding McCurry's disability claims were made by The Hartford, without any input from Kenco. The documents attached to McCurry's own Complaint state as much: "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy". ECF No. 1 at 86.

B. **McCurry's Previous Motions to Compel and for Sanctions**

McCurry served Requests to Admit, Interrogatories, and Requests for Production on Kenco in December of 2020, and Kenco provided written responses to all discovery in January of 2021. Additionally, McCurry served supplemental discovery requests on Kenco in March of 2021, to which Kenco served its responses in April of 2021.

On April 21, 2021, McCurry filed a Motion to Compel Discovery from Defendant and to Deem Facts as Admitted. ECF No. 124. On April 23, 2021, the parties appeared before Judge Fuentes for a telephonic hearing on McCurry's Motion to Compel; the Court granted it in part and denied it in part, and directed Kenco to serve any supplemental discovery on McCurry by May 7, 2021. ECF No. 129. The Court also directed Kenco to serve McCurry with a certificate of compliance stating that no further responsive documents are known to be in Kenco's possession

after a reasonable search, in the event Kenco possessed no additional documents other than what it had already produced. *Id.*

On May 7, 2021, Kenco served its supplemental discovery responses on McCurry, along with a Certificate of Compliance stating that no additional documents responsive to McCurry's Requests for Production Nos. 22, 34, 55, and 71 are known to be in Kenco's possession, other than the documents already produced by Kenco. Exhibit A. Kenco further stated that it made this certification after a reasonable search. *Id.* McCurry responded to Kenco's production by stating that she was "*of the opinion* that [Kenco] did not discharge [itself] of [its] burden relative to the production of documents from the Hartford." Exhibit B (emphasis added).[1] Jody Moran, counsel for Kenco, then wrote to McCurry on May 13, 2021: "Kenco has provided all documents that relate to your claims against Kenco, consistent with the Court's Order. If there are particular documents you believe have been withheld, please let us know." Exhibit C at 3. McCurry responded simply: "I did the information from the Hartford." *Id*. After being asked what she meant by this, McCurry asserted that she believed there exists a "policy from the Hartford" that Kenco had not produced. *Id.* at 2. After Attorney Moran assured McCurry, "We have double-checked with Kenco's Senior Manager of Benefits [Cathy Phillips] and are confirming that we have sent you everything pertaining to the Hartford plans that you have requested," McCurry replied, "I disagree the plan is not the policy and the plan references the policy." *Id*. at 1–2. After then triple-checking with Kenco about whether any additional documents exist which had not yet been produced to McCurry (there were none), on May 24, 2021, Kenco re-produced to McCurry copies of the short-term and long-

---

[1] Exhibit B is dated March 9, 2021, but McCurry sent it to Kenco's counsel on May 13, 2021.

4

term disability policies that Kenco had with The Hartford during McCurry's employment with Kenco, bates-labeled as KENCO001536 – KENCO001646.[2]

On June 7, 2021, McCurry filed yet another Motion to Compel Discovery from Defendant and Sanctions. ECF No. 132. The next day, Judge Fuentes denied McCurry's Motion to Compel for failure to comply with Local Rule 37.2, ordered strict compliance with Local Rule 37.2 going forward, and encouraged the parties to discuss, during any future Local Rule 37.2 conference, McCurry's "characterizations of the conduct of defense counsel and defendants in this case, including the allegations that defendants have been 'corrupt.'" ECF No. 133. "Language of that force will be explored at any subsequent motion hearing, and the party making such allegations will be required to back them up." *Id*.

McCurry did not, however, comply with Local Rule 37.2 or the Court's previous orders: on June 21, 2021, McCurry filed yet another Motion to Compel, ECF No. 137, and Judge Fuentes denied that motion the same day for again failing to comply with Local Rule 37.2. ECF No. 138.

On June 24, 2021, counsel for Kenco, Julia Argentieri and Casey Leech, participated in a Local Rule 37.2 teleconference with McCurry to discuss the discovery which McCurry claimed was outstanding. Again, McCurry alleged that Kenco was withholding a "policy," though she could not articulate what specific document had not been produced. Attorneys Argentieri and Leech reiterated to McCurry that they had spoken to Kenco numerous times about this issue, that Kenco had produced all documents relevant to the short- and long-term disability plans in effect during her employment with Kenco, that Kenco was not aware of any additional documents other

---

[2] Kenco previously produced these documents to McCurry as KENCO000022 – KENCO000097 and KENCO000105 – KENCO000138, and McCurry attached the long-term disability plan to her Complaint (see ECF No. 1 at 55–91). Thus, McCurry has no basis for claiming that Kenco produced "additional documents on May 24, 2021, which was beyond the Court's order production date of May 7, 2021." Pl.'s Mot. for Sanctions, ECF No. 151, at ¶ 8.

5

than what had already been produced. McCurry stated only one basis for her belief that Kenco was withholding documents: because the plan references "the policy."

On July 1, 2021, McCurry filed yet another untimely motion,[3] a Renewed Motion to Compel Discovery from Defendant and Sanctions. She again sought to compel a document which does not exist (or if it does exist, Kenco does not possess it): an unknown "policy" relating to her long-term disability benefits, which she appeared to claim existed based solely on the long-term disability benefits plan's reference that "[t]he benefits described in your booklet-certificate (Booklet) are provided under a group insurance policy (Policy) issued by the Hartford Life and Accident Insurance Company (Insurance Company) and are subject to the Policy's terms and conditions. The Policy is incorporated into, and forms a part of, the Plan." ECF No. 1 at 86.

In its Response in Opposition to McCurry's July 1, 2021 Renewed Motion to Compel, Kenco again stated that it does not possess any additional plan documents relative to the short- and long-term disability benefits plans in effect during McCurry's employment, other than what Kenco had already produced. ECF No. 148 at 7. Kenco's July 14, 2021 Response was supported by an attached declaration signed by Cathy Phillips (Kenco's Senior Benefits Manager), who verified under oath that Kenco had conducted a comprehensive search of the documents in its possession, produced all documents comprising the short- and long-term disability benefits plan, and complied with the Court's April 23, 2021 Order to supplement Document Request Nos. 22, 34, 55, and 71. Exhibit D, Decl. of Cathy Phillips, July 12, 2021, ¶¶ 5–7 (the "Federal Lawsuit Phillips Declaration").[4] Kenco further stated that The Hartford long-term disability policy that McCurry

---

[3] McCurry's Renewed Motion to Compel was not filed by 5:00 p.m. on June 4, 2021, and thus was in violation of the Judge Fuentes' April 23, 2021 Order. *See* Minute Entry, April 23, 2021, ECF No. 130 ("Any motions to compel discovery must be filed by no later than 5:00 p.m. on 6/4/21 absent leave of court.").

[4] This declaration was originally attached as Exhibit D to Kenco's July 14, 2021 Response. *See* ECF No. 148-1.

attached to her Complaint is the only plan document relevant to her ERISA claim. ECF No. 148 at 7. Finally, as Kenco has previously indicated in prior motion to compel briefing, it is not uncommon for a plan document to constitute a long-term disability policy issued by the insurance carrier (here, The Hartford) to the plan sponsor (here, Kenco).

On July 20, 2021, Judge Fuentes denied McCurry's July 1, 2021 Renewed Motion to Compel with prejudice. ECF No. 150. He held that McCurry's various arguments—including those regarding the alleged deficiency of Kenco's May 7, 2021 Certificate of Compliance and her assertion that the documents Kenco already produced are not "the plan"—"fail[ed] to carry the day on plaintiff's efforts to compel defendant to produce something that defendant has affirmed it cannot produce and does not possess." *Id*. Judge Fuentes further denied McCurry's request for sanctions as "meritless," finding there was no basis for her "wild allegations that defendant is 'willfully acting in bad faith and in contempt' of court orders." *Id*.

### C. The Parties' U.S. Department of Labor Proceeding

This lawsuit is not the only proceeding between the parties. On April 20, 2018, McCurry filed a complaint with the U.S. Department of Labor (OALJ Case No. 2019-FDA-00015, hereinafter the "DOL Case"), alleging that Kenco violated the Food Safety Modernization Act ("FSMA") by allegedly denying her long-term disability benefits in retaliation for her testifying in a FSMA whistleblower case brought by another Kenco employee.

On November 2, 2020, Chief Administrative Law Judge Stephen R. Henley granted Kenco's Motion for Summary Decision in the DOL Case, finding that there was no evidence in the record that created a genuine issue of material fact as to whether McCurry's alleged protected activity was a contributing factor in any adverse action. *See* Briefing Order on Remand at 3, June 16, 2021 (attached as Exhibit E). But because the basis for Judge Henley's decision was on an issue that the parties had not briefed, the Administrative Review Board issued an Order Vacating

and Remanding. *Id.* Judge Henley, on remand, then ordered the parties to brief the discrete issue of whether McCurry's alleged protected activity was a contributing factor in the denial of her long-term disability benefits. *Id.*

In response to Judge Henley's Briefing Order on Remand, Kenco filed a Supplemental Memorandum in Support of Its Motion for Summary Decision on July 16, 2021, in which it addressed the issue that Judge Henley instructed the parties to brief. *See* Exhibit F. In support of its Supplemental Memorandum, Kenco attached a different, and more detailed, July 12, 2021 declaration signed by Cathy Phillips. Exhibit G, Decl. of Cathy Phillips, July 12, 2021 ("DOL Phillips Declaration") (exhibits to the DOL Phillips Declaration omitted). The DOL Phillips Declaration supported Kenco's arguments that McCurry's alleged protected activity in no way contributed to her alleged adverse employment action because all decisions related to McCurry's disability benefits were made by The Hartford, without any input from Kenco. Furthermore, no retaliation could have occurred because Kenco did not inform The Hartford that McCurry provided testimony in any FSMA retaliation proceeding or otherwise engaged in any activity protected by the FSMA. *Id*. at ¶¶ 13–19.

## ARGUMENT

### A. Kenco Does Not Possess Any Additional "Policy" Relating to The Hartford's Long-Term Disability Plan.

In her Motion for Sanctions, McCurry argues that the Federal Lawsuit Phillips Declaration and the DOL Phillips Declaration are somehow inconsistent with each other, and that this apparently supports her rehashed (and baseless) contention that there exists a "policy" that Kenco has failed to produce in this litigation. Nothing about these declarations, however, contradict each other, nor do they in any way even *suggest* the existence of any policy, plan, or other document that Kenco has not already produced in this lawsuit. These two declarations address separate issues

and were provided for entirely different purposes—that is, the Federal Lawsuit Phillips Declaration establishes that Kenco does not possess any additional relevant documents other than what it has already produced, and the DOL Phillips Declaration disproves McCurry's FSMA retaliation claim and establishes that Kenco was not involved in any decisions related to McCurry's claims submitted to The Hartford for disability benefits.

Notably absent from McCurry's Motion for Sanctions is any comprehensible explanation to support her allegations. McCurry cannot provide factual support for her accusations because Kenco has already produced copies of the pertinent disability insurance policy, Kenco's leave of absence policy, McCurry's personnel documents, and all correspondence received from The Hartford regarding the status of McCurry's disability claim—and Kenco is not in possession of any additional documents relevant to this matter. Kenco has repeatedly informed McCurry in prior correspondence, numerous meet-and-confer teleconferences, and responses in opposition to McCurry's previous motions that there is no other separate long-term disability policy that stands alone from the long-term disability plan documents that have already been produced. Kenco has even provided McCurry with a sworn, written certification to this effect. Evidently, this is not sufficient for McCurry as she continues to file baseless motion after baseless motion seeking to compel Kenco into producing a document that does not exist (or if it does, is not in Kenco's possession) and request sanctions for misconduct that never occurred.

    **B.    McCurry Is Not Entitled to Sanctions.**

McCurry's Motion for Sanctions is heavy on rhetoric but light on facts. Indeed—without providing any support for her allegations—she accuses Kenco, its counsel, and Phillips of (among other things) "providing materially false and misleading statements and under oath," of engaging in "behaviour and conduct [] rooted in intentional and willful bad faith," of having a "blatant disregard for the judicial system and its process," of being "corrupt and malicious," and of

9

"tempering with the integrity of the judicial system, lying to the court, [and] engaging in other deceptive or abusive practices." Pl.'s Mot. for Sanctions, ECF No. 151, at 4–5.

McCurry further alleges that Kenco's purported conduct "is reminiscent of its immediate past behaviors of internationally misleading tribunals and deliberately changing positions according to the exigencies of the moment" but she fails to explain what "past behaviors," other than merely quoting her own prior allegations of misconduct contained her previous motions. *Id.* at 12–13. McCurry also describes an alleged "pattern and practice of judicial abuse" by citing to other lawsuits between Kenco and former employees as well as her previous matters with Kenco before the Seventh Circuit Court of Appeals[5], the Illinois Department of Human Rights, and the U.S. Equal Employment Opportunity Commission, but she does not explain what happened in those matters or how they demonstrate any "pattern and practice of judicial abuse." *Id.* at 13–14.

Similar to how McCurry fails to articulate any basis for her allegations that Kenco is in possession of a "policy" that it has not otherwise produced (or how the Federal Lawsuit Phillips Declaration and the DOL Phillips Declaration contradict each other), she likewise fails to provide specific facts supporting her contention that Kenco and its counsel have engaged in the alleged misconduct she claims gives rise to her request for sanctions. Of course, this is not new for McCurry. Over the past several months, she has thrown out similar fruitless accusations against Kenco and its counsel. Despite being cautioned by Judge Fuentes on June 7, 2021 of her need to "back [] up" allegations of misconduct, ECF No. 133, McCurry failed to do so in her July 1, 2021 Renewed Motion to Compel—and she fails to do so in this Motion for Sanctions. Given that no

---

[5] It is truly ironic that McCurry refers to her previous appeal to the Seventh Circuit, Case No. 18-3206, as supporting her theory that Kenco has engaged in a "pattern and practice of judicial abuse." In a unanimous opinion, the Seventh Circuit referred to her appeal as "utterly frivolous" and described her "monstrosity of an appellate brief" as "incoherent." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 786 (7th Cir. 2019) (affirming summary judgment for the defendants and issuing an order to show cause as to why McCurry's attorney should not be sanctioned or otherwise disciplined).

documents were withheld, and Kenco has not engaged in any discovery violations or bad faith behavior, McCurry's request for sanctions is wholly unsupported by applicable rules and should be denied. *See* Fed. R. Civ. Pro. 37. In fact, if anything, this Court should award Kenco its reasonable fees associated with responding to yet another baseless request for sanctions in accordance with Fed. R. Civ. Pro. 37(a)(5)(B). *See James v. Hyatt Regency Chicago,* 707 F.3d 775, 785 (7th Cir. 2013) (affirming district court's issuance of sanctions where "rather than using discovery as a tool to uncover facts and evidence to support his case, James was using unreasonable discovery requests as a weapon against Hyatt."). So too, here.

## **CONCLUSION**

Although McCurry is a *pro se* litigant, her practice of filing baseless motion after baseless motion, casually tossing out serious allegations of misconduct—without any support whatsoever—must stop. Her Motion for Sanctions is frivolous, unwarranted, and entirely inappropriate. For all these reasons, Defendant Kenco Logistic Services, LLC requests that the Court deny McCurry's Motion for Sanctions, enter an order barring McCurry from filing any future motions to compel or motions for sanctions absent prior leave of court, award Kenco its reasonable fees associated with responding to this motion in accordance with Fed. R. Civ. Pro. 37(a)(5)(B), and grant such additional relief as the Court deems proper.

Dated: September 22, 2021          Respectfully submitted,

                                               **KENCO LOGISTIC SERVICES, LLC**

                                               */s/ Julia Pearce Argentieri*
                                               One of Its Attorneys

                                               Julia Pearce Argentieri
                                               J. Casey Leech
                                               Jackson Lewis P.C.
                                               150 North Michigan Avenue, Suite 2500
                                               Chicago, Illinois 60601
                                               Telephone: (312) 787-4949
                                               Facsimile: (312)787-4995
                                               julia.argentieri@jacksonlewis.com
                                               casey.leech@jacksonlewis.com

**CERTIFICATE OF SERVICE**

The undersigned attorney, hereby certifies that on September 22, 2021, she electronically caused to be filed a copy of the foregoing **DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to those registered on the Court's CM/ECF system, and that a copy was also sent via email and U.S. mail to:

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958
emccurry1@gmail.com

By: */s/ Julia Pearce Argentieri*
      One of Defendant's Attorneys