IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Edith McCurry,<br><br>                Plaintiff,<br><br>    v.<br><br>Mars, Kenco Logistics Services, LLC, The Hartford Financial Services Group, Inc., The Reed Group and Dr. Koehler,<br><br>                Defendants. | Case No. 19-CV-04067<br><br>Judge Sharon Johnson Coleman<br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT KENCO'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

In the two years since Plaintiff Edith McCurry initiated this frivolous lawsuit, she is in the exact same position she was on the day she filed her complaint: with absolutely no evidence to support her baseless conspiracy that Defendant Kenco Logistic Services, LLC somehow violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), or the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.S. § 1132(a)(1)(B) in connection with her short-term disability ("STD") and long-term disability ("LTD") benefits. Indeed, McCurry cannot present even a scintilla of evidence to support her claims, since all facts in the record clearly show that The Hartford—not Kenco—made the decisions relating to McCurry's disability benefits; Kenco did not influence, or participate in, any of The Hartford's decisions, nor did it handle the payment of her benefits.

Backed into a corner and faced with having her claims dismissed on summary judgment, McCurry tries to muddle the record with impermissible conclusions, rank speculation, and the same meritless allegations of misconduct that she raised in her several previous motions to compel and motions for sanctions (which were denied). Her Response consists of a garbled web of wildly

1

unsupported arguments aimed to discredit Kenco's straightforward explanation that The Hartford made the benefits decisions, including: her erroneous belief that some "Policy" document exists that was not provided to her, her claim that Kenco *could have* amended the disability benefits plan (so it must have), her utterly false statements that Kenco paid her disability benefits, and her disproven theory that Kenco contacted her physician in 2018. Both the form and substance of McCurry's Response come up far short. McCurry's Response to Defendant Kenco Logistic Services, LLC's Motion for Summary Judgment, ECF No. 165, and her Response to Kenco's Statement of Undisputed Material Facts, ECF No. 166, are woefully noncompliant with the Federal Rules of Civil Procedure and the Northern District of Illinois' Local Rules. She presents no record evidence that creates a genuine dispute as to any of the facts material to this case, and she fails to refute any of ample authority in Kenco's opening brief supporting why it is entitled to summary judgment as a matter of law. Thus, Kenco's Motion for Summary Judgment should be granted.

## ARGUMENT

**I. McCurry's Response to Kenco's Statement of Undisputed Material Facts Violates the Fed. R. Civ. P. 56 and Local Rules 56.1 and 56.2, and Fails to Demonstrate a Genuine Dispute of Any Material Fact.**

Rule 56(c) of the Federal Rules of Civil Procedure requires that a party who asserts that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." (Fed. R. Civ. P. 56(c)(1)(A)). Local Rule 56.1 is even more stringent, requiring "specific references to the affidavits, parts of the record, and other supporting materials relied upon." (L.R. 56.1(b)(3)(B)). The instructions posted on this Court's website remind litigants of the need to comply with these requirements; they provide that "[m]otions for summary judgment and responses **must** comply with Local Rules 56.1(a) and 56.1(b), as well as the procedures outlined herein . . . Failure to abide by the Local Rules may result in the Court striking briefs, disregarding statements of fact, deeming statements of fact admitted, and denying summary judgment."

(https://www.ilnd.uscourts.gov/judge-info.aspx?xOs2BvERVp8= (emphasis in original)).[1]

McCurry filed no statement of additional facts with her Response to Kenco's Motion for Summary Judgment. Accordingly—as McCurry was forewarned—the Court should only consider the facts in Kenco's Statement of Undisputed Material Facts (the "SOFs") and any admissible evidence in McCurry's Response to Kenco's SOFs that are *fairly responsive* to the defendant's asserted facts. (*Id.*; *accord Maher v. Hyundai Constr. Equip. USA, Inc*., No. 10 C 03396, 2012 U.S. Dist. LEXIS 112028, at *2 (N.D. Ill. Aug. 7, 2012) ("to the extent that [plaintiff's] responses to defendants' Rule 56.1 statement of fact contained improper additional factual material not responsive to the statement, this Court will disregard that material") (Coleman, J.) (also striking the plaintiff's "conclusory and self-serving" affidavit)).

The Court should disregard each of McCurry's responses to Kenco's SOFs because they are largely non-responsive to Kenco's SOFs, lack specific citations to admissible evidence in the record, and are rife with impermissible legal argument, conclusions, and speculation. Further, the vast majority of McCurry's responses are "supported" by McCurry's own self-serving declaration that *itself* lacks factual support in the record, is not based on McCurry's personal knowledge, and consists of legal argument and conclusory statements that are not appropriate for a declaration.[2]

---

[1] Local Rule 56.2 provides guidance for *pro se* litigants on how to properly respond to a motion for summary judgment. "There are rules that both lawyers and people without lawyers must follow in moving for or opposing summary judgment. **If you do not follow the rules, then the judge may not consider your facts or your arguments**." (L.R. 56.2 (emphasis in original)). Local Rule 56.2 further provides that responses to undisputed statements of fact must not include new facts or legal arguments, except where such arguments support a legal objection. (L.R. 56.2(I)). "If you want the judge to consider new facts . . . you must submit a statement of additional facts as a separate document from your response to the defendant's statement. **If you do not submit a statement of additional facts, the judge may consider only the asserted facts in the defendant's statement of facts and any facts in your response to the defendant's statement of facts that are fairly responsive to the defendant's asserted facts**." (L.R. 56.2(II) (emphasis in original)). Kenco sent McCurry a copy of L.R. 56.2 via email and U.S. Mail on October 27, 2021. (*See* ECF No. 162).

[2] Several of the allegations in McCurry's declaration are also completely contradictory to her prior assertions throughout this litigation. Most notably—despite McCurry's entire lawsuit being based on the

Accordingly, the Court should deem admitted each of the facts in Kenco's SOFs.

### A. McCurry's Denials of Kenco's Statement of Facts Rely On Impermissible Legal Argument And Lack Citations to Admissible Evidence.

McCurry cannot deny Kenco's Statement of Undisputed Material Facts without citing to evidence supporting those denials. Instead, she must "cite specific evidentiary materials justifying the denial." (*Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000)). McCurry's failure to do so is the equivalent of her admitting Kenco's Statements of Fact. (*Id*.). McCurry cannot base her denials to Kenco's SOFs on argument alone. (*Bordelon v. Chi. Sch. Reform Bd. of Trs*., 233 F. 3d 524, 528 (7th Cir. 2000)).

Despite McCurry's status as a *pro se* litigant, "a district court need not, even for pro se plaintiffs, 'scour the record looking for factual disputes,' and a pro se party cannot avoid summary judgment without demonstrating a material dispute of fact." (*Anoto AB v. Sekendur*, No. 03 C 4723, 2004 U.S. Dist. LEXIS 21715, at *13 (N.D. Ill. Oct. 22, 2004) (quoting *Greer v. Bd. of Ed. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001))). Here, like the plaintiff in *Greer*, McCurry's "pleadings have obfuscated the true issues at stake and have served only to further burden an already burdened judicial system and to frustrate [Kenco's] attempts to marshal its resources in a targeted defense against [her] allegations." (*Greer*, 267 F.3d at 727).

In violation of Fed. R. Civ. P. 56, L.R. 56.1, and L.R. 56.2, McCurry's responses to Kenco's SOFs lack specific record citations justifying her denials. Indeed, McCurry's denials to *nearly every one of* Kenco's SOFs rely on unsupported assertions, impermissible legal arguments, and speculation. These factually devoid assertions and conclusions not only comprise most of her

---

alleged denial and/or delay of her short-term and long-term disability benefits—McCurry states in her declaration, under oath, "To the best of my knowledge, I have not made short or long term applications for disability." (*See* McCurry Decl. ¶ 87, attached as Ex. M to her Resp. in Opp. to Kenco's Mot. for Summ. J.). This raises questions about why McCurry has burdened the Court, and Kenco, with years of litigation surrounding purported disagreement over decisions surrounding her application for disability benefits.

rambling and incoherent responses to Kenco's SOFs, they also form the basis for her 107-paragraph self-serving declaration—a declaration that, likewise, lacks admissible evidence.

In further attempt to create disputes of fact where none truly exist, McCurry rehashes the same baseless arguments she raised in her failed motions to compel and motions for sanctions against Kenco—including that there is a "policy" that has not already been produced in this litigation, and that previous declarations by Cathy Phillips (Kenco's Senior Benefits Manager) somehow contradict each other. Magistrate Judge Fuentes and this Court have repeatedly denied McCurry's prior motions to compel and motions for sanctions that asserted these unfounded allegations. (*See* ECF Nos. 133, 138, 150, and 156). When this Court denied McCurry's most recent motion for sanctions, the Court advised McCurry "to focus on the summary judgment filings instead [of] rehashing old discovery disputes. The Court will not entertain any further motions for sanctions." (ECF No. 156). McCurry has flouted this Court's order by again seeking sanctions and raising these "wild"[3] allegations, as a last-ditch effort to avoid the dismissal of her claims.

Each of McCurry's denials to Kenco's SOFs are improper and fail to raise a genuine dispute of fact. Most of her denials are both heavy on impermissible argument and light (or void) on citations to admissible evidence. Take, for instance, her responses to:

- Kenco's Statement of Fact No. 10, which quotes the *Leave of Absence Policy* in effect during 2015. Its admissibility is supported by the October 25, 2021 declaration of Cathy Phillips, Kenco's Senior Benefits Manager. McCurry disputes SOF No. 10 by citing Paragraphs 80–86 of her declaration and an entirely different Kenco policy, arguing—in conclusory fashion—that Kenco's *Leave of Absence Policy* somehow "does not conform to Defendant's documented

---

[3] In denying McCurry's June 7, 2021 Renewed Motion to Compel and For Sanctions, Magistrate Judge Fuentes indicated that there was "no basis for plaintiff's wild allegations that defendant is 'willfully acting in bad faith and in contempt' of court orders. (*See* ECF No. 150).

policy management system." (Pl.'s Resp. to Kenco's SOF ¶ 10). McCurry's response is not a genuine dispute of SOF No. 10.[4]

- Kenco's Statement of Fact Nos. 11 and 12, which explain that Kenco offered STD and LTD benefits to its employees under a group insurance policy issued by The Hartford. These SOFs are supported by Cathy Phillips' sworn declaration and are consistent with the language of the STD and LTD Plans themselves. McCurry denies Kenco's SOF Nos. 11 and 12, arguing that there is some "policy" Kenco has not produced, and that Phillips' prior declarations somehow contradict each other (they do not). In McCurry's denial of SOF Nos 11 and 12, she cites Paragraphs 65 to 78 of her self-serving declaration, as well as Exhibits D, J, O, and Q. (Pl.'s Resp. to Kenco's SOF ¶¶ 11–12). However, Paragraphs 65 to 78 of McCurry's declaration consist of speculative assertions that Kenco failed to produce the unknown "policy," and she does not explain how the exhibits she cites actually refute Kenco's SOF Nos. 11 and 12. McCurry's responses to these statements of fact are argumentative and lack citation to admissible facts in the record, so she fails to assert any genuine dispute as to SOF Nos. 11 and 12.

- Kenco's Statement of Fact Nos. 13 and 14, which rely on Phillips' declaration and the provisions of the STD and LTD Plans that discuss how sole authority was delegated to The Hartford to make benefits determinations and pay benefits. McCurry disputes SOF Nos. 13 and 14 by referencing entirely separate (and unrelated) provisions in the STD and LTD Plans that provide that Kenco reserves the right to amend the Plans. (Pl.'s Resp. to Kenco's SOF ¶¶ 13–14). Of

---

[4] McCurry also alleges that Kenco's Leave of Absence Policy (ECF No. 158-1, Ex. A) was not in effect at the time she applied for her leave of absence. (ECF No. 166 at ¶ 10). She is wrong. Kenco's leave of absence policy *shows all dates when the policy was updated,* and the substance of such updates, on the last page of the policy itself (ECF No. 158-1, Ex. A, at 7). No changes were made to this policy during 2014–2015 that had any impact on The Hartford being the benefits administrator, and the fact that employees must contact The Hartford if absent due to a serious health condition for three consecutive calendar days. (*Id.* at 1). As usual, McCurry is likely aware that the facts do not support her claims so she is seeking to distract the Court from the admissible facts.

course, the fact that Kenco *could have* amended the STD and LTD Plans does nothing to create a genuine dispute over The Hartford's sole authority especially since McCurry does not contend that these STD and LTD Plans were amended. McCurry's other arguments seeking to dispute SOF Nos. 13 and 14 similarly fall flat. She references Exhibit J to her Response to Kenco's SOFs but does not have personal knowledge about this document and is misguided about its significance.[5]

- McCurry also contends, without factual support or coherent explanation, that Kenco "provided a plan that did not reflect this contention," "failed to produce the policy," and made certain "judicial admissions" including "that it was a decision maker in Plaintiff's disability claims and that they retaliated against Plaintiff." (Pl.'s Resp. to Kenco's SOF ¶¶ 13–14). McCurry cites Exhibits A, B, and C to her Response to Kenco's SOFs to support her allegation that Kenco made "judicial admissions," but she does not articulate what judicial admissions were made or where, specifically, the alleged judicial admissions are in the exhibits she references. If the Court sifts through the tangled mess of exhibits attached to McCurry's filings, it will only further evidence that Kenco's statements in all DOL filings were entirely consistent with its arguments in this case and no such "judicial admissions" exist. McCurry also references the IRS Form W-2s attached as Exhibit O to her Response to support her contention that "Kenco paid the benefits," but she in no way explains how the W-2s show that. The disability benefits were paid by the Hartford, not Kenco. (*See* Phillips Dec., ¶ 13). McCurry's speculation regarding how to (mis)interpret her W-2 Forms does not create a factual dispute—and not only that, but it is inconsistent with the STD and LTD Plans themselves, which state that the Hartford paid all

---

[5] As best as Kenco can tell, Exhibit J to McCurry's Response to Kenco's SOF is a Reed Group form that McCurry's physician filled out. To the extent McCurry is alleging that this document was sent to Kenco, she relies on pure conjecture and is wrong. In Kenco's response to No. 49 of McCurry's First Set of Requests to Admit, Kenco previously denied that the Reed Group provided Kenco with any information that the Reed Group obtained from McCurry's physician. (*See* Ex. A).

benefits (*Id*.). McCurry fails to create a genuine dispute as to Kenco's SOF Nos. 13 and 14.

- Kenco's Statement of Fact No. 15, which provides that The Hartford worked directly with Kenco employees and their medical providers to obtain medical information in connection with STD and LTD benefits and to approve time off under the Family and Medical Leave Act. McCurry disputes this SOF, vaguely alleging that she and her coworker "were in contact with the Hartford in regards to employee Benefits" and that "Kenco had a Claims Analyst that handles benefits." (Pl.'s Resp. to Kenco's SOF ¶ 15). McCurry cites Paragraphs 24–27 of her declaration, but her assertions are unsupported and lack any sort of specificity to genuinely dispute Kenco's SOF No. 15, which is based on the sworn statements of Cathy Phillips, Kenco's Senior Benefits Manager. For example, McCurry's statement that "[i]t was *always my understanding* that Kenco participated in all of the decision making regarding employee benefits, including disability," McCurry Decl. ¶ 27 (emphasis added), is speculative, self-serving, and unsupported by the record. Moreover, McCurry's statement that she "was also aware that the Hartford communicated and collaborated regularly with Kenco about employee disability benefits," *Id*. at ¶ 24, is not based on any personal knowledge and fails to genuinely dispute Kenco's SOF No. 15. Additionally, McCurry's citation to Exhibits K and L—which appear to be emails about *other* Kenco employees relating to their FMLA leaves[6]—in no way creates a genuine dispute as to the statements in Kenco's SOF No. 15.

- Kenco's Statement of Fact No. 18, which provides that it was The Hartford's sole decision whether to approve or deny any employee's claims for disability benefits, and that Kenco could not and did not provide any input in those decisions. This SOF is supported by Cathy

---

[6] As stated in Cathy Phillips' October 25, 2021 declaration (attached to Kenco's Statement of Undisputed Material Facts as Exhibit 1), The Hartford also handled Kenco employees' FMLA leave requests.

Phillips' declaration, and is consistent with the language of the STD Plan and LTD Plans themselves. McCurry tries to dispute Kenco's SOF No. 18 by citing Exhibits J, L, X, and Y of her Response—but she does not explain what these documents are, how they are admissible evidence, or how they genuinely dispute the STD or LTD Plans or Cathy Phillips' sworn attestations. McCurry also cites Paragraphs 53 and 54 of her own declaration, which contend that Kenco "sought information about [McCurry's] medical conditions" and that "Kenco Mars contacted [her] physician requesting medical information." (McCurry Decl. at ¶¶ 53–54). She is wrong and lacks personal knowledge. The plan documents, the surrounding communications from The Hartford, and the sworn declaration of Cathy Phillips all evidence that The Hartford—not Kenco—had sole authority over disability benefits decisions. (See SOF No. 13).

- Kenco's Statement of Fact No. 19, which states that disability benefits were paid by The Hartford and Kenco was not responsible for such costs. To support SOF No. 19, Kenco quotes the language of the STD and LTD Plans themselves and relies on the declaration of Cathy Phillips. McCurry—who, in contrast, was a relatively low-level HR employee at one of Kenco's facilities in Manteno, Illinois—attempts to dispute this SOF by arguing that "Kenco was in the business of 3rd party services, this includes pass through costs" (though she does not explain what that means), she cites several documents that do nothing to dispute the language quoted in the STD and LTD Plans, and she engages in non-responsive and impermissible argument. (Pl.'s Resp. to Kenco's SOF ¶ 19). McCurry does not provide evidence to genuinely dispute SOF No. 29.

- Kenco's Statement of Fact No. 29, which provides that Kenco never informed The Hartford that McCurry engaged in any protected activity. Kenco's SOF No. 29 is supported by the sworn declaration of Cathy Phillips. In response to this SOF, McCurry states simply: "Disputed, as evidenced by Exhibit N." (Pl.'s Resp. to Kenco's SOF ¶ 29). McCurry's Exhibit N, however,

9

does not explain what this document is or how it genuinely disputes SOF No. 29.

Even a cursory review of McCurry's responses and her declaration shows that nearly every one of McCurry's responses to Kenco's SOFs do not create genuine disputes of material fact. For these reasons, each fact in Kenco's Statement of Undisputed Facts should be deemed admitted.[7]

> **B.  The Court Should Disregard the Many Statements in McCurry's Responses That Are Not Fairly Responsive to Kenco's Statement of Undisputed Material Facts.**

Not only are McCurry's responses to Kenco's Statement of Facts lacking in citations to admissible evidence and replete with improper arguments, conclusions, and conjecture, her responses also contain many statements that are not fairly responsive to Kenco's SOFs. "A response to a statement of facts may not assert facts beyond what is fairly responsive to the movant's factual assertion." (*Brownlee v. Hospira, Inc.*, No. 15-cv-05358, 2018 U.S. Dist. LEXIS 216063, at *1-2 (N.D. Ill. Dec. 26, 2018); *Johnson v. Cnty. of Cook*, 2012 U.S. Dist. LEXIS 98110, at *34–35 (N.D. Ill. July 16, 2012) ("It is inappropriate for a non-movant to include additional facts, meaning facts extraneous to the substance of the paragraph to which the non-movant is responding, in a Local Rule 56.1(b)(3)(B) response.").

Nearly every one of McCurry's purported denials of Kenco's Statement of Facts go far beyond simply denying the facts stated by Kenco (and citing to the record in support of such denials). Rather, McCurry uses her Responses to inject improper argument and assert her own allegations. If McCurry wanted to assert additional facts, however, she should have filed a

---

[7] To comply with page limits and concisely present its position, Kenco cannot respond to each and every impermissible argument and facially defective denial that McCurry asserts throughout her Response to Kenco's SOF. Rather, her purported denials consist primarily of speculative assertions and arguments that should be disregarded. (*See Bordelon*, 233 F. 3d at 528 (holding that L.R. 56.1's predecessor rule, L.R. 12(N), is "not satisfied by citations to the record that support legal argument rather than controvert material facts"); *see also Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) ("[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors.'").

statement of additional facts, as described in Local Rule 56.1(b)(3) and Local Rule 56.2(II). She did not, so "the Court [should] disregard[] the many statements in [McCurry's] Rule 56.1(b)(3)(B) responses that go beyond what is responsive" to Kenco's Statement of Facts. (*See Brownlee*, 2018 U.S. Dist. LEXIS 216063, at *2 (Coleman, J.)).

II. **McCurry Fails to Refute that Kenco Is Entitled to Judgment As a Matter of Law.**

Form issues aside, the fundamental shortfall with McCurry's response is that she cannot genuinely challenge the simple fact that Kenco played no role in her disability benefits decisions. The Seventh Circuit has repeatedly stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." (*Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (internal quotations and citations omitted)). A "collective hunch about [a] defendant's motives, [] in itself will not survive a motion for summary judgment." (*Id.*).

Not only does McCurry fail to genuinely dispute the facts in Kenco's SOFs, she also fails to address any of the legal arguments in Kenco's Memorandum in Support of Its Motion for Summary Judgment. Instead, she spends the bulk of her response brief alleging that Kenco should be "estopped" from raising arguments that are allegedly inconsistent with its position in the parties' pending Department of Labor proceeding, and she reasserts the same baseless allegations of impropriety that she raised in her prior motions to compel and for sanctions.[8]

---

[8] This is telling, and brings to mind the oft-quoted aphorism of someone who has neither facts nor law on her side: "If the law is against you, talk about the evidence . . . If the evidence is against you, talk about the law . . . [I]f the law and the evidence are both against you, then pound on the table and yell like hell." (Carl Sandburg, Complete Poems Carl Sandburg 551 (Harcourt, Brace and Company, Inc. eds., 1950)).

11

### A. Kenco Played No Role in McCurry's Disability Benefits, So It Is Not Liable Under ERISA, Title VII, Section 1981, Or Any Other Law.

As discussed above, each of the facts in Kenco's Statement of Undisputed Facts should be deemed admitted. Based on these facts, each of McCurry's claims fail as a matter of law, as supported by the overwhelming authority cited in Kenco's opening brief. McCurry dedicates *none* of her response brief addressing any of the authority or legal arguments raised by Kenco. She therefore has waived any challenge to the overwhelming legal authority raised by Kenco.

As discussed in Kenco's Memorandum in Support of Its Motion for Summary Judgment, McCurry's ERISA claims fail not only because the proper defendant in an ERISA claim for benefits is the plan itself, but also because Kenco played no role whatsoever in the administration of McCurry's claim, the determination of whether she was entitled to benefits at all, and at what amount. *See Robinson v. Aetna Life Ins. Co.*, No. 20-cv-04670, 2021 U.S. Dist. LEXIS 176346, at *27–30 (N.D. Ill. Sep. 15, 2021) ("a plaintiff should name the plan as a defendant, rather than the employer or plan administrator.") (dismissing employer who was the "plan administrator" because the plan delegated full fiduciary authority to the insurer). So too, here.

Likewise, McCurry's Title VII and Section 1981 claims fail, not only because ERISA preempts them,[9] but also because McCurry cannot pursue discrimination claims against Kenco for purportedly adverse actions that were not taken or influenced by Kenco. The law is clear on this. (*See, e.g., Keen v. Teva Sales & Mktg.*, 303 F. Supp. 3d 690, 723 (N.D. Ill. 2018) (granting employer's motion for summary judgment where decisions relating to disability and worker's compensation benefits were made by third-party vendors). Given McCurry's failure to respond to any of Kenco's legal arguments, Kenco will not repeat the ample legal authority already set forth

---

[9] *See Vallone v. CNA Financial Corp.*, 375 F.3d 623, 638 (7th Cir. 2004)).

in its opening brief. Simply put, an employer cannot face liability for disability benefits decisions where the employer does not make or influence those benefits decisions. McCurry cannot overcome that hurdle.

### B. McCurry's Arguments of Estoppel Are Unsupported.

McCurry alleges that Kenco should be "estopped pursuant to the doctrines of the Law of the Case, Res Judicata, Collateral Estoppel, and Judicial Estoppel" because of some unspecified "judicial admissions" in the parties' ongoing proceedings before the U.S. Department of Labor (the "DOL Case"). (McCurry's Resp. at 3, ECF No. 165). She further claims that Kenco waived arguments in this case by not asserting them in the DOL Case, and that Kenco allegedly made statements in DOL Case that are inconsistent with its position in this case. (*Id.* at 4–20). Not so.

To provide some context for the Court regarding the DOL Case, in April 20, 2018, McCurry filed a complaint with the U.S. Department of Labor OALJ Case No. 2019-FDA-00015, alleging that Kenco violated the Food Safety Modernization Act ("FSMA") by allegedly denying her long-term disability benefits in retaliation for her testifying in a FSMA whistleblower case brought by another Kenco employee. On November 2, 2020, Chief Administrative Law Judge Stephen R. Henley granted Kenco's Motion for Summary Decision in the DOL Case, finding that there was no evidence in the record that created a genuine issue of material fact as to whether McCurry's alleged protected activity was a contributing factor in any adverse action. (*See* Briefing Order on Remand at 3, June 16, 2021 (attached as Exhibit B)). But because the basis for Judge Henley's decision was on an issue that the parties had not briefed, the Administrative Review Board issued an Order Vacating and Remanding. (*Id.*). Judge Henley, on remand, then ordered the parties to further brief the discrete issue of whether McCurry's alleged protected activity was a contributing factor in the denial of her long-term disability benefits. (*Id.*). Accordingly, on July

16, 2021, Kenco filed a Supplemental Memorandum in Support of Its Motion for Summary Decision, addressing the issue that Judge Henley instructed the parties to brief. (*See* Exhibit C). Judge Henley has not yet ruled on Kenco's Supplemental Memorandum in the DOL Case.

McCurry has no factual or legal support for her arguments of relating to the doctrines of law of the case, res judicata, collateral estoppel, and judicial estoppel. Indeed, she mischaracterizes the procedural history of the DOL Case and Kenco's statements in that case, and she fails to articulate any basis for why Kenco waived the ability to assert arguments in *this case*. For example, McCurry argues that Kenco's statements that The Hartford made all decisions relative to McCurry's disability benefits is a "newly adopted" theory that is in "stark contrast" to Kenco's filings in the DOL Case. McCurry does not specifically identify any statement that Kenco made in the DOL Case that is inconsistent with its position in this case. Nor can she. Kenco has always indicated, even in the DOL Case, that The Hartford made all decisions relating to McCurry's disability benefits. (*See e.g.,* McCurry's Resp., ECF No. 165, Ex. B, at 1 ("McCurry's claim . . . is an ERISA dispute against a third-party benefits administrator – not Kenco"); McCurry's Resp., ECF No. 165, Ex. E, at 4 ("All decisions related to McCurry's disability benefits were made by The Hartford, without any input from Kenco.")). At no point has Kenco made contradictory statements in the DOL Case or this case, and there are absolutely no factual or legal grounds to apply res judicata, collateral estoppel, and judicial estoppel against Kenco.

    **C.**    **McCurry's Rehashed Allegations of Impropriety Are, Again, Baseless.**

Despite this Court's instructions to "focus on the summary judgment filings instead [of] rehashing old discovery disputes," (*See* ECF No. 156), McCurry continues to rehash her previous allegations that Kenco has not produced an unknown "policy," and that statements in Cathy Phillips' previous declarations somehow contradict each other. Her request for sanctions is—once

again—baseless and should be denied.

As explained in Kenco's response to McCurry's most recent request for sanctions, Kenco has repeatedly informed McCurry that there is no additional LTD benefits policy that stands alone from the LTD benefits documents that have already been produced, and Kenco has even provided McCurry with a sworn, written certification to this effect. (*See* ECF No. 155 at 9). Moreover, Phillips' previous declarations (that McCurry claims are contradictory) addressed separate issues and were provided for entirely different purposes. (See *id*. at 8–9). Not only do the facts not support McCurry's request for sanctions, her citations to caselaw in support of her arguments are grossly mischaracterized. For example, McCurry cites the case *Pegram v. Hardrich* for the proposition that the "US Supreme Court has distinguished [the policy] as being different from the plan." McCurry's Resp., ECF No. 165, at 16. The issue in that case, however, was whether treatment decisions made by a health maintenance organization, acting through its physician employees, are fiduciary acts within the meaning of ERISA. *See Pegram v. Herdrich*, 530 U.S. 211, 214 (2000). The Supreme Court does not *in any way* discuss difference between a "policy" and a "plan."[10]

Again, McCurry's accusations that Kenco, its employees, and its counsel have engaged in perjury, obstruction of justice, bad faith, and other misconduct are entirely baseless and must stop.

## CONCLUSION

For all the reasons stated herein, Kenco requests that the Court grant its Motion for Summary Judgment, deny McCurry's request for sanction, enter an order dismissing McCurry's claims with prejudice, and grant such further relief as the Court deems proper.

---

[10] The Seventh Circuit, however, *has* briefly discussed ERISA policies and plans. (*See Larson v. United Healthcare Ins. Co*., 723 F.3d 905, 912 (7th Cir. 2013) ("With insurance-based plans, however, 'confusion is all too common in ERISA land; often the terms of an ERISA plan must be inferred from a series of documents[,] none clearly labeled as 'the plan.' . . . We sometimes equate the ERISA 'plan' with the insurance policy . . . More commonly, however, we refer to an insurance policy as a 'plan document' that implements the plan.") (internal citations omitted)).

Dated: December 17, 2021 Respectfully submitted,

**KENCO LOGISTIC SERVICES, LLC**

*/s/ Julia Pearce Argentieri*
One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312)787-4995
julia.argentieri@jacksonlewis.com
casey.leech@jacksonlewis.com

**CERTIFICATE OF SERVICE**

The undersigned attorney, hereby certifies that on December 17, 2021, she electronically caused to be filed a copy of the foregoing **DEFENDANT KENCO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to those registered on the Court's CM/ECF system, and that a copy was also sent via email and U.S. Mail to:

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958
emccurry1@gmail.com

By: */s/ Julia Pearce Argentieri*
One of Defendant's Attorneys