UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDITH MCCURRY, ) | |
| ) | Case No. 19-cv-4067 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| KENCO LOGISTICS SERVCES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Edith McCurry brings this lawsuit against her former employer Kenco Logistics Services, LLC ("Kenco") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, in relation to her short-term and long-term disability benefits. Before the Court is Kenco's motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a).[1] For the reasons explained below, the Court grants Kenco's motion.

**Background**

Kenco employed McCurry as a clerk with its human resources department at the Manteno, Illinois warehouse owned by Mars, Inc., the well-known candy maker. Kenco managed the warehouse. McCurry worked for Kenco from May 2013 until March 2015, at which time Kenco lost its contract with Mars. During the relevant time period, Kenco offered its employees short-term disability ("STD") insurance under policy number GRH-674076 and long-term disability ("LTD") insurance under policy number GLT-674076, both issued by third-party benefits administrator,

---

[1] Because McCurry is proceeding pro se, on October 27, 2021, Kenco served her with the Northern District of Illinois Local Rule 56.2 Notice to Pro Se Litigants Opposing Summary Judgment.

Hartford Life and Accident Insurance Company ("The Hartford"). In short, the Hartford insured and administered Kenco's disability benefit plans. On October 15, 2020, the Court dismissed the Hartford without prejudice from this lawsuit based on its motion to dismiss for improper venue.[2]

Construing her pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), McCurry alleges that on or about January 3, 2015, she was unable to return to work due to high blood pressure, stress, anxiety, and other undiagnosed health conditions. She further alleges that on January 5, 2015, she notified the Hartford of her inability to return to work, and thereafter, the Hartford informed her of the amount of benefits she would receive. McCurry also alleges that she experienced interruptions to her STD and LTD benefits, but that the Hartford reinstated them on July 13, 2016. Attached to McCurry's complaint is the Hartford's correspondence with her substantiating these allegations, along with the relevant STD and LTD plans. McCurry received LTD benefits well after her employment ended with Kenco in March 2015.

Although Kenco was the plan administrator for the STD and LTD plans, according to the policies, the Hartford was the plans' fiduciary and had sole discretion and authority to determine eligibility for benefits and to construe and interpret all terms of the policies. (R. 158-1, Ex. B., STD Plan, at 17, 27, 29; Ex. C., LTD Plan, at 20, 32, 34). The relevant STD and LTD plans state: "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." Furthermore, there is unrebutted evidence in the record that Kenco did not influence the Hartford's decisions in relation to McCurry's STD and LTD benefits, due in part to McCurry's

---

[2] The Court presume familiarity with its earlier rulings in this lawsuit, along with McCurry's similar lawsuit filed in the Central District of Illinois, 16-CV-2273, and her Seventh Circuit appeal in that lawsuit. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783 (7th Cir. 2019).

failure to comply with Local Rule 56. 1, which governs the presentation of evidence at summary judgment. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Both the Central District of Illinois and the Seventh Circuit discussed the importance of McCurry following the local rules governing the summary judgment process, and thus, McCurry has been aware of these requirements since at least August 2018. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("district courts may require strict compliance with their local rules").

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

Because the Hartford was the sole decisionmaker, fiduciary, and obligor in determining McCurry's eligibility for STD and LTD benefits, Kenco contends that it cannot be held liable for any improper decisions in relation to the benefits McCurry received under ERISA. The Court agrees. *See Brooks v. Pactiv Corp.*, 729 F.3d 758, 764 (7th Cir. 2013) (under ERISA "a cause of action

for 'benefits due' must be brought against the party having the obligation to pay."). Accordingly, McCurry's ERISA claim against Kenco fails as a matter of law. Similarly, McCurry's "fiduciary duty" claim is without merit because it is duplicative of her ERISA claim, and the Hartford is the undisputed fiduciary under the plans.

Next, the Court examines McCurry's Title VII and § 1981 employment discrimination claims under the same legal analysis, where the Court must determine "whether the evidence would permit a reasonable fact-finder to conclude that McCurry was subjected to an adverse employment action based on a statutorily prohibited factor." *McCurry v. Kenco Logistics Serv., LLC*, 942 F.3d 783, 788 (7th Cir. 2019). Keeping in mind McCurry's last day of employment with Kenco was March 29, 2015, the only adverse employment actions related to McCurry's STD and LTD benefits are the delay or denial of her post-employment disability benefits. Again, Kenco cannot be responsible for the delay or denial of McCurry's benefits because the Hartford was the sole decisionmaker, fiduciary, and obligor. Moreover, the Seventh Circuit upheld the Central District of Illinois' decision that Kenco did not discriminate against McCurry based on her race and sex under Title VII and § 1981 for conduct occurring before March 29, 2015. Therefore, McCurry's employment discrimination claims are untenable.

In her response brief, McCurry argues that Kenco should be estopped from its present arguments because they are inconsistent with Kenco's "judicial admissions" in the parties' pending Department of Labor ("DOL") proceeding. To give context, on April 20, 2018, before McCurry filed this lawsuit, she filed an administrative complaint with the DOL alleging that Kenco violated the Food Safety Modernization Act ("FSMA") by denying her long-term disability benefits in retaliation for her testifying in a FSMA whistleblower case brought by another Kenco employee. On November 2, 2020, an Administrative Law Judge ("ALJ") granted Kenco's motion for a summary decision concluding there was no evidence in the record creating a genuine issue of

4

material fact as to whether McCurry's alleged protected activity was a contributing factor in any adverse action. Because the ALJ based his decision on an issue that the parties had not briefed, the Administrative Review Board vacated and remanded the ALJ's ruling. On remand, the ALJ order the parties to brief the discrete issue of whether McCurry's alleged protected activity was a contributing factor in the denial of her long-term disability benefits. The ALJ has yet to rule on remand.

Judicial estoppel applies when "a party succeeds on one legal position and later tries to reverse its position on the same issue." *Looper v. Cook Inc.*, 20 F.4th 387, 398 (7th Cir. 2021). Assuming judicial estoppel applies under the circumstances, McCurry has failed to articulate any inconsistent positions that Kenco made in the administrative case in contrast to the present federal litigation. Indeed, after reviewing Kenco's filings in the administrative case, Kenco makes the same arguments it makes here, namely, that McCurry's employment with Kenco ended in March 2015 and that the decisions surrounding McCurry's receipt of post-termination benefits, including long-term disability coverage, are not attributable to Kenco because these benefits were handled by a third-party benefits administrator. In the same vein, McCurry fails to provide factual or legal support that Kenco "waived" arguments in this lawsuit by not making them in front of the ALJ.

Last, McCurry rehashes numerous arguments she previously made during discovery in this lawsuit that both the Court and Magistrate Judge Fuentes rejected. These complaints include the unsupported argument that Kenco did not turn over a relevant Hartford policy during discovery, along with McCurry's allegations that Kenco committed "fraud on the court." The Court will not re-address these unsupported arguments, as such review would be a waste of limited and valuable judicial resources. *See Dix v. Edelman Fin. Serv., LLC,* 978 F.3d 507, 521 (7th Cir. 2020); *McCurry*, 942 F.3d at 790.

**Conclusion**

Based on the foregoing, the Court grants defendant's summary judgment motion [157].

Civil case terminated.

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 1/21/2022